## DIVINE *vs.* BAILEY.

62  235
d99  461

An execution was issued from the 733d district of Campbell county. A constable in and for the 1134th district levied the execution on a cow in the 1204th district, where defendant in *fi. fa.*, the owner of the cow, resided, and advertised and sold the cow there. At the time there was a lawful constable in office in the 1204th district, and not absent therefrom. Trover was brought by defendant in execution to recover the cow from the purchaser at the constable's sale:

*Held*, that the sale was illegal, the purchaser obtained no title, and the defendant in *fi. fa.* could recover in trover.

Officers. Levy and sale. Trover. Before Judge Buchanan. Campbell Superior Court. August Term, 1878.

Reported in the opinion.

R. T. Dorsey; L. S. Roan, for plaintiff in error, cited Cobb's Dig., 639, 47, 143; acts 1865–6, p. 38; acts 1868, pp. 131–2; Code, §§4721, 4717, 4131.

T. W. Latham, for defendant, cited Code, §§4142, 3645, 4172, 476, 478; acts 1868, p. 133; Cobb's Dig., 645, 652, 647.

Jackson, Justice.

An action of trover was brought to recover a cow, sold to a purchaser at a constable's sale, by the defendant in execu-

tion against the purchaser, on the ground that the sale was illegal and his title had not been divested by it. The court instructed the jury that the sale was illegal, and a verdict was rendered for the plaintiff in trover; the defendant moved for a new trial, it was not granted, and he excepted; and the sole question made is, was the sale valid?

The execution issued on a judgment rendered in the 733rd district of Campbell county, and was returnable to that district. The levy was made in the 1204th district of the same county, where defendant resided and had his property, by a constable of the 1134th district of the county. By him the cow was advertised and sold at the usual place of sale in the 1204th district, and the defendant in trover bought her. A constable, duly elected and qualified, was acting in and for the 1204th district when the constable of the 1134 district levied upon, advertised and sold the property in his district. Could the constable from the 1134th district thus use the process of the 733d district in the 1204th district?

We think not. Possibly, under the act of 1869—Code, §4142, acts of 1869, p. 143—the constable in and for the 733d district, whence the *fi. fa.* was issued, might have done so; but this constable in and for the 1134th district was a mere interloper, and acted without authority of law. To allow constables from any district to go into any other district and levy and sell property without regard to the bailiwick either of the constable where the execution was sued out, or the constable in whose district the defendant in execution and the property were at the time, would breed great confusion and involve the county in much trouble and litigation.

The statute reads, that "It shall be lawful for any constable of the several counties of this state to execute and return any process issued by a justice of the peace or notary public of said counties, but he shall return the said process to a justice of the peace residing in the militia district where the defendant or defendants resided at the time of issuing

said process." The words in the first clause are broad enough to embrace this transaction, perhaps, but the following words seem to restrict the meaning to the execution of original and *mesne* process, such as the service of summons, notices, garnishments, and things of that sort. So the codifiers understood it, which is only their opinion, and of no judicial weight; and so the court below construed it. However, that may be, we think full force may be given to all its words by construing the act to mean, that the constable of the district whence the process, whether original, *mesne* or final, issues, and to which it is returnable, may serve and execute it, returning an account of his acts and doings to the court where he is amenable to rule; but that a constable of a district in which the defendant does not reside, and in which there is no property of the defendant, and from which no process is issued and returnable, cannot, under the statute, levy, advertise and sell property so as to pass title. That is enough to rule this case, and therefore we affirm the judgment.

See, cited by counsel, Cobb's Dig., p. 639, 645, 652, 647; acts of 1860, p. 47; acts of 1869, p. 143; acts of 1865-6, p. 38; Code, §§4139, 4721, 4174, 3645, 476, 478.

Judgment affirmed.