PLANT *vs.* EICHBERG.

1. The discretion of the presiding judge in granting a first new trial will not be reversed unless some controlling principle of law, which demanded the verdict on the facts, has been misconstrued or misapplied by the court in making such grant.

2. A sheriff who levies a tax *fi. fa.* of less amount than $100.00 need not make an entry of "no personalty" before levying on real estate.

New trial.   Sheriff.   Levy and sale.   Tax.   Before Judge HILLYER.   Fulton Superior Court.   September Term, 1879.

In October, 1872, Plant obtained a judgment against Thomas P. Fleming *et al.*   In 1878 (being then controlled by deGraffenreid as transferee) the *fi. fa.* was levied on a certain lot in the city of Atlanta, which was claimed by Caroline Eichberg.   Her chain of title was as follows:   A deed from one Andrews to Fleming, dated September 11th, 1873.   A deed from Fleming to Joseph T. Eichberg, dated December 21st, 1875.   A deed from the sheriff to

J. T. McKey, trustee, under a tax sale, dated May 2d, 1876. This sale was made under a tax *fi. fa.* against Fleming for taxes for 1875, amounting to $16.50, besides costs. McKey bought for $24.40. The levy was made by the sheriff, who levied at once on this realty without making any previous entry of "no personalty." McKey, trustee, and his *cestui que trust*, made a quit claim deed to J. T. Eichberg, dated June 1st, 1876, for the amount which the lot cost him, and ten per cent. added. J. T. Eichberg conveyed the property to claimant October 29th, 1877. One of the principal points of contest was the regularity of the sheriff's levy and sale.

On this subject the court charged as follows: " Now in the rules and other proceedings of other judicial sales is the requirement that the constable shall make an entry of no personal property before he can levy on land. Now the act of 1876 says the sheriff must use the same proceedings. The court is of opinion that the levy is a part of the proceedings, and the court instructs you that unless you find entered on the tax *fi. fa.* that search was made and no personal property found, then you will find the property subject. If you find a valid judgment and lien, and that search was made and no property was found, then you will find the property not subject."

The jury found the property subject. Claimant moved for a new trial. It was granted, and plaintiff excepted. The other points made are not necessary to an understanding of the decision.

GEO. S. THOMAS; M. DEGRAFFENREID; T. P. WESTMORELAND, for plaintiff in error.

JULIUS L. BROWN; M. J. CLARKE, for defendant.

JACKSON, Justice.

Under our repeated rulings, the first grant of a new trial will not be reversed by this court, unless some con-

trolling principle of law, which demanded the verdict on the facts, has been misconstrued and misapplied by the court on the grant of the new trial. So that the sole question in this case is this, did the court err in holding on a review of his charge to the jury when he passed on the motion for a new trial, that when a sheriff levies on real estate for taxes, he need not enter on the *fi. fa.* that no personal property could be found whereon to levy, for the verdict is right and the land is subject if such entry had to be made by the sheriff, there being none on the execution? We think that the court did not err. The reason on which our law forbidding constables to levy on land unless personalty was exhausted rests, is that those officers cannot sell land at all, but must turn over the levy to the sheriff when it is made ; but as the sheriff may sell as well as make the levy, we cannot see why the rule should apply to him. And the Code—section 3645—in express terms confines the restriction to constables.

It is argued that the act of 1876—Sup. to Code, §129 *et seq.*—restricts the sheriff when he makes the levy to make the entry, because that act declares, " It shall be lawful for the sheriff or his deputy in any court of this state to levy and collect a tax *fi. fa.* for any amount: *Provided*, that when said tax *fi. fa.* is for one hundred dollars or less, the same fee shall be paid as is now allowed by law to constables or bailiffs ; *and all other proceedings as to levy* and time and place of advertisement and sale, shall be the same as heretofore governed such levy, advertisement and sale by bailiffs or constables ;" and the proceeding as to levy required the constable first to exhaust the personalty under section 3645 of the Code. The case in 11 *Ga.*, 88—*Gladney vs. Deavors*—is cited to show that in tax cases such entry must be made. That decision rested on the tax act of 1804, Cobb's Digest, 1048 ; and the question is this, is that act still of force, and the decision in 11 *Ga.*, 88, still the law on this point? It will be observed that under that act the tax collector could not

go upon land at all, no matter what was the amount of the tax, unless the personalty was exhausted; for it declares that "he shall proceed immediately against such defaulters by distress and sale of goods and chattels, if any to be found, otherwise of the lands of such defaulters." That is certainly not the law now; for the Code contemplates that land may be levied on at once for taxes, and the only restriction seems to be that constables are not permitted to sell land, but must return the levy to the sheriff for sale. Code, §§886, 887, 888, 889, 890; 40 *Ga.*, 39.

We are not prepared, therefore, to say that the court erred in holding that the personalty need not be first exhausted and entry of that fact made on the *fi. fa.* before a sheriff can levy on land to pay taxes, though the tax execution be for a sum less than one hundred dollars; and this being the first grant of a new trial, we shall not control the discretion of the presiding judge in granting it.

Indeed the point is controlled by *Smith vs. Jones*, 40 *Ga.*, 39, where it was held that to collect a tax *fi. fa.* for city taxes, the marshal need not exhaust personalty and make the entry; and if such be the rule as to city taxes, much more ought it to be as to state taxes. And so the opinion there construes the above cited sections of the Code, and covers fully this point.

Judgment affirmed.