### BUTLER *vs.* DAVIS.

In 1873 a constable could not levy a tax *fi. fa.* for more than fifty dollars. In a claim case arising out of a sale under such a levy, the execution and sheriff's deed were properly rejected from evidence

Levy and Sale. Executions. Constables. Before Judge FLEMING. Early Superior Court. April Term, 1881.

Reported in the decision.

E. C. BOWER, by brief, for plaintiff in error.

R. H. POWELL; KENNON & HOOD, for defendant.

JACKSON, Chief Justice.

On the trial of this claim, the claimant tendered in evidence a deed made by the sheriff to the land in controversy which was levied on by a constable for taxes of defendant in execution in the year 1873, the tax execution amounting to more than fifty dollars; to the introduction of the tax execution and the deed the plaintiff in execution objected on the ground that the constable had no legal power to make the levy, and the court sustained the objection, quashed the *fi. fa.*, and there being no evidence for claimant, a verdict was had condemning the property, the proof being possession by defendant in *fi. fa.* since the judgment.

We do not see why the court quashed the tax *fi. fa.* It was enough for the adjudication of the case at bar that the *fi. fa.* and deed be ruled out as not showing title in

claimant. The tax collector for the state and county should be heard thereon before it is quashed, it strikes us ; but it is wholly immaterial to the claimant what became of it, whether quashed or not, if his title through a sale under it was not good. Was the deed and *fi. fa.*, with entries, properly ruled out ? That is the question he is interested in, and which he properly makes on this writ of error. The *fi. fa.* was not properly directed. It should have been directed to all and singular the constables of this state ; Code, §886 ; and the language of the Code is that it *must* be so directed. Perhaps, however, "to any lawful officer" is a substantial compliance, and under section 4, sub-section 6 of the Code, the *fi. fa.* may be upheld, as the section 886 does not declare it void unless so directed. But nothing has been said here on that point. The ruling of the court below is that the constable could not levy a tax *fi. fa.* over fifty dollars, and therefore the deed and *fi. fa.* were ruled out as testimony for the claimant.

The general rule is that levies shall be made by constables of executions within the jurisdiction of justices of the peace, and sheriffs of those beyond it, and in the light of that general law we think that constables could not levy a tax *fi. fa.* for more than fifty dollars. These executions are directed to all and singular the sheriffs and constables, in order that the proper officer might levy ; but as the penalty on a party suing in the superior court for a sum within the justice court jurisdiction was merely a loss of costs beyond justice court cost, and the sheriff would execute the mandate of the superior court even for such a sum, it was deemed necessary to restrict the sheriff's powers to levy in tax cases. Therefore the section 888 of the Code, and the decision in 60 *Ga.*, 466.

Section 888 of the Code, construed in the light of the general law, means that sheriffs shall levy, if the tax execution be for more than fifty dollars, and constables if for that sum or less, in the year 1873.

The act of 1876 was passed after this levy, and cannot

affect the case. Besides, the execution is only signed D. M. Roberts, T. C., and it does not specify whether it was for state or county tax, or for both. Nor is there evidence that Roberts was tax collector, so as to explain the meaning of T. C.

Taking the whole state of this execution, we think it very loosely drawn. A lot of land of 250 acres was sold and bought by claimant under it for five dollars, and the verdict subjecting it cannot be very wrong. We put the ruling, however, on the point that the constable could not make the levy, and that this warranted the court in ruling out the deed made by virtue of that levy and sale.

When that deed was ruled out, the plaintiff had a right to the verdict, because the defendant had been in possession since the rendition of the judgment.

Judgment affirmed.