WATSON v. SWANN *et al.*, executors.

In order for a constable to make a legal levy upon land under a *fi. fa.* issued for State and county taxes, it is not necessary that he should make an entry or return of no personal property to be found.
     April 29, 1889.

Levy and sale. Taxes. Constables. Before Judge

Richard H. Clark. Douglas superior court. July adjourned term, 1888.

Three executions in favor of Alfred Austell against W. N. Magouirk were levied on certain land, to which J. P. Watson interposed a claim. Two of these executions, issued from a justice's court, were dated December 2d, 1876, based upon judgments obtained August 12th, 1876; and the entries of levy by the constable thereon recite that no personal property of the defendant was to be found in the county. The other execution, issued from the superior court, was dated August 5th, 1881, and was based on a judgment obtained July 25th, 1881. On the trial, the claimant offered in evidence two tax *fi. fas.* against Magouirk for his taxes for 1877 and 1878, each of them containing entries of levy upon the land in question, dated June 7th, 1881, by a constable, these entries not reciting that no personal property was to be found; also an entry of their record in the clerk's office of the superior court on June 23d, 1883; also entries of "settled in full this January 17th, 1882," signed by the sheriff. He also offered the sheriff's deed to himself, dated August 2d, 1881, conveying the land in question, and reciting that it was sold under the levy of four tax *fi. fas.* for the years 1877, 1878, 1879 and 1880, against Magouirk, the levy having been made by a constable and returned to the sheriff. The two tax executions and the sheriff's deed were excluded from evidence by the court, "except as affected the *quantum* of damages."

The property having been found subject, the claimant moved for a new trial on the ground, among others, that the court excluded the two tax *fi. fas.* and the deed from evidence because there was no entry made by the constable thereon that no personal property was to be found before his levy on the land. The motion being denied, he excepted.

A. L. BARTLETT, C. D. CAMP and W. A. JAMES, for plaintiffs in error.

THOS. W. LATHAM, *contra.*

BLECKLEY, Chief Justice.

The plaintiff in error relied in argument upon the sole ground that the court erred in excluding the tax *fi. fas.*, the entries thereon and the sheriff's deed. These *fi. fas.* were issued, one of them for the State and county taxes of 1877, the other for the State and county taxes of 1878; one for $72.54, the other for $70.24. They were each levied by a constable, and the sheriff's deed purported to be made in consequence of a sale under these *fi. fas.* and two others, the other two, as recited in the deed, being for taxes of 1879 and 1880. The evidence was excluded on the ground that the constable had no authority to make the levy, there being upon the *fi. fas.* no entry or return that no personal property was to be found.

The sharp and clear cut issue thus made is, whether a constable can levy upon land by virtue of a tax *fi. fa.*, without a return or entry of no personal property. We think he can. No officer could do so under the tax law of 1804. Cobb's Dig. 1048. *Gladney* v. *Deavors*, 11 *Ga.* 88. Under that law, taxes were to be made by distress and sale " of goods and chattels if any to be found ; otherwise of the lands . . or so much thereof as will pay the taxes due, with costs." This was changed by the code (§812), which declares: " Taxes shall be paid before any other debt, lien or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject." And see section 1973. Section 886 provides that " executions for non-payment of taxes . . must be directed to all and singular the sheriffs and constables of this State "; and section 888 declares: " Executions may be levied by

either of the officers to whom directed, or other officer who by law may be authorized in their place; but a constable cannot levy a tax *fi. fa.* when the principal amount exceeds one hundred dollars, and if a tax *fi. fa.* for less than one hundred dollars be levied by a sheriff, his fee for said levy shall be that now allowed constables, and if the levy be made upon personalty, the same shall be advertised and sold as is now provided for justice's court *fi. fas.* If the constable levies on land, it must be returned to and sold by the sheriff of the county." The act of February 16th, 1876, which is not copied in the code, provides, that " it shall be lawful for the sheriff or his deputy in any county of this State, to levy and collect a tax *fi. fa.* for any amount; provided, that when said tax *fi. fa.* is for one hundred dollars or less, the same fee shall be paid as now allowed by law to constables or bailiffs, and all other proceedings as to the levy and the time and place of advertisement and sale, shall be the same as heretofore governed such levy, advertisement and sale by bailiffs or constables." In *Smith* v. *Jones,* 40 *Ga.* 39, which arose previously to the act last quoted, the question came up whether the marshal of the city of Griffin could levy upon land for municipal taxes, without first making the return of no personal property. The court held that he could; and the whole tenor of the opinion goes to support the theory that in executing a tax *fi. fa.* to which both kinds of property are alike subject, the authority to levy is as ample against one kind as the other. The case of *Plant* v. *Eichberg,* 65 *Ga.* 64, arose subsequently to the act of 1876. The levy was for taxes of 1875 amounting to $16.50, and was made by the sheriff without any previous return of no personal property. The court ruled that the levy was legal, the opinion of JACKSON, J., closing with this observation: "Indeed the point is controlled by *Smith* v.

*Jones,* 40 *Ga.* 39, where it was held that to collect a tax *fi. fa.* for city taxes, the marshal need not exhaust personalty and make the entry ; and if such be the rule as to city taxes, much more ought it to be as to State taxes." From some expressions in this opinion it might be inferred that the court thought that if the levy had been made by a constable, a return of no personal property would be requisite; but taking the general bearing and reasoning of the opinion, it is, so far as it goes, an authority to the contrary. Sections 3645 and 4172(b) of the code, which negative the authority of the constable to levy upon real estate unless there is no personal estate to be found sufficient to satisfy the debt, etc., treat alone of levies under *fi. fas.* from courts, as will be seen by looking at the Titles and Articles in and under which the sections occur. They have no relation whatever to tax *fi. fas.* Nor does the act of Feb. 16th, 1876, *supra,* or any other statute now of force, prescribe any preliminary return or entry as necessary to a legal levy of a tax *fi. fa.* upon land by a constable. So far from making *fi. fas.* from justices' courts the standard of validity in reference to tax sales, the code expressly declares (§893) that the " deed or bill of sale made by such officer shall be just as valid to the purchaser as if made under the ordinary process of law issuing from the superior court." Here a deed was tendered made by the sheriff by virtue of tax executions; the levy was made by an officer to whom the executions were directed, and who, by section 888, had express authority to levy them. Consequently the deed was just as valid to the purchaser as if made under the ordinary process of law issuing from the superior court.

Another provision of the code tending to show that levies by constables under tax executions are not governed by the law applicable to levies under *fi. fas.* from justices' courts, is section 889 of the code, which says:

"The tax-collector may place his *fi. fas.* in the hands of any one constable of the county, who shall be authorized to collect or levy the same in any part of the county." As to tax *fi. fas.* not exceeding one hundred dollars in amount, the constable has as wide range territorially as the sheriff, and, we think, as wide a range as to the kind of property to be seized. The truth is that revenue proceedings are wholly separate and apart from proceedings to enforce judicial process, and are not to be conformed thereto except in so far as express law or necessary implication from express law requires. The exigencies of the State demand that taxes shall be collected promptly; and collecting officers, as the law now stands, are not to pause and hesitate or to grope and investigate, in order to find out whether one class of property or another might or could be first seized. The tax-payer, by section 891 of the code, has the privilege of pointing out property upon which to levy the *fi. fa.;* but this is all the restriction upon the officer's power to ·levy in his discretion upon any property whatsoever that may be subject. And even this privilege may be overruled by the tax-collector, who has power to direct a levy on other property whenever he deems it necessary.

The court erred in excluding the *fi. fas.*, the entries thereon and the deed, and in not granting a new trial on that ground.     *Judgment reversed.*