## LAPSLEY *v.* GEORGIA LOAN, SAVINGS AND BANKING COMPANY.

1. Under section 4142 of the code, the constable of a militia district other than that from the justice's court of which an execution issued, may levy the same upon the property of the defendant in execution in any militia district of the same county, although at the time there was a lawful constable in the latter district.

2. The decision of this court in *Divine* v. *Bailey,* 62 *Ga.* 235, if sound in principle, is not binding upon this court beyond the precise question therein adjudicated.

July 27, 1896.

Levy and claim. Before Judge Lumpkin. Fulton superior court. September term, 1895.

Executions against Jackson, issued upon judgments obtained in a magistrate's court of the 1348th district G. M., of Fulton county, after entry made thereon, signed J. W. Harper, L.C., of due search made and no personal property found upon which to levy, were by said constable levied on certain realty. Part of the property levied upon was claimed by Lapsley. The claimant moved to dismiss the levy, upon the ground, that the executions were issued by a magistrate of the 1348th district, and the levies were made by a constable of the 1026th district, upon land sit-

uated in the 1348th district.   It was agreed that the facts
stated in this motion were true; and that at the time of the
levy there was a duly elected and qualified constable of
the 1348th district, and that defendant in *fi. fa.* lived in
the 1348th district at the time the suits were brought upon
which the *fi. fas.* issued.   The motion to dismiss was over-
ruled, and claimant excepted.

*T. J. Ripley,* for plaintiff in error.
*Dorsey, Brewster & Howell* and *S. J. Hall,* contra.

ATKINSON, Justice.

Prior to the passage of the act of 1869, which is incor-
porated in section 4142 of the code, executions issued
from justices' courts, being addressed to all and singular
the constables of the county within which they were issued,
might be well executed within his own bailiwick by any
constable in any district within the county; for by section
478 of the code it was made the duty of constables "to exe-
cute and return all warrants, summons, executions, and
other process to them directed by lawful authority."   The
act of 1869, to which reference has above been made, was
entitled, "An act to extend the jurisdiction of constables
in the several counties in this State."   It provided, "That
from and after the passage of this act, it shall be lawful
for any constable of the several counties of this State to
execute and return any process issued by a justice of the
peace or notary public of said counties, but he shall return
the said process to a justice of the peace residing in the
militia district where the defendant or defendants resided
at the time of issuing said process."   The effect of this
act was to extend the territorial area of the constable's
jurisdiction so as to enable him to execute process of magis-
trates' courts in districts other than his own.   So that,
possessing authority, before the passage of the act, to exe-
cute such process issued from any justice's court in the
county within the limits of his own bailiwick, the effect

of the act was to enable him to execute such process in any
bailiwick within the limits of the county. The execu-
tion of this process, in so far as levy and seizure of the
property is concerned, is consistent with the other provi-
sions of the code prescribing the duties of the constable;
but when it comes to the sale of the property seized under
such an execution, the statute requires that the place of
sale shall be at the court ground of the bailiwick of the
constable.   Code, §§4172, 4172(a).   The case of *Divine*
v. *Bailey*, 62 *Ga.* 235, is readily distinguishable from the
one now under consideration, for the reason that in that
case the question was upon the validity of the sale.   The
seizure was made under an execution issued from one jus-
tice's court by the constable of another, who undertook
to sell the property at the court ground of yet another
militia district.   So that, while in so far as the mere seiz-
ure of the property was concerned he was acting within
the limits of his constabulary authority, when he undertook
to effectuate the seizure by making a sale he selected a
time and place different from that prescribed by law.
This court could, and did, therefore, in that case properly
hold that the sale was void.   The question under considera-
tion in that case was whether the sale was void, and the
conclusion which we reach in the present case is in per-
fect harmony with the doctrine applied in that.   We are
not inclined to agree altogether with the line of reasoning
adopted by the court in stating the considerations which
induced its conclusions, and are, therefore, not inclined to
extend the doctrine of that case beyond the necessary lim-
its of the question expressly decided by it.   In the present
case an execution was issued from one district, which was
levied upon land in the district from which the judg-
ment issued, by a constable residing in another district, and
a claim interposed by a third person.   The question, there-
fore, is upon the validity of a levy, and not upon the valid-
ity of a sale.

The court, for the reasons above indicated, did not err in overruling the motion to dismiss the levy.

*Judgment affirmed.*