## CAMPBELL *v.* MORGAN, and *vice versa.*

1. When the payee of a negotiable promissory note sold it outright to another, the mere fact that the seller indorsed the paper did not place him in the attitude of a borrower of money from the purchaser; nor, as between the latter and the maker of the note, was the transaction usurious because the discount amounted to more than the maximum lawful rate of interest.

2. Even if a promissory note was usurious, yet if this fact did not appear on its face, the maker, who induced another to sign the note as surety in ignorance of the usury and in good faith believing that the payment of the note was secured by a bill of sale to personalty which the maker had executed, was estopped from setting up the usury in defense to an action of trover brought by the surety for the personalty after he had paid off the note and taken an assignment of the same and of the bill of sale.

3. Nor could the defendant in such a case, for the purpose of defeating the plaintiff's action, set up as outstanding title a duly recorded bill of sale which the defendant had executed to a third person after making the bill of sale relied on by the plaintiff, which was not so recorded.

Argued June 11,— Decided July 10, 1900.

Bail-trover. Before Judge Calhoun. City court of Atlanta. November term, 1899.

*Tompkins & Alston,* for plaintiff.
*John C. Reed,* for defendant.

LEWIS, J. Campbell brought bail-trover against Morgan, in the city court of Atlanta. The case was submitted to the judge upon substantially the following agreed statement of facts: Hardaway held three notes dated August 16, 1897, signed by Morgan, payable to the order of Hardaway, one for $100 due 60 days after date, one for $100 due 90 days after date, one for $125 due 120 days after date. Hardaway applied to Jackson for a loan, and offered him these notes made by Morgan, but Jackson refused to discount them. Hardaway then asked him if he would discount the notes in case they were indorsed by Campbell, the plaintiff. Jackson agreed to do so. Campbell indorsed the notes, and Jackson let Hardaway have thereon $275. At the same time a bill of sale from Morgan to Jackson, on the personal property herein involved, was delivered to Jackson in order to secure the notes. Campbell, the plaintiff, did not know at what price the notes were sold, to whom they were sold, and did not know who held the same until about the time the first note became due, when he was informed who held the notes, but not what had been paid for the same. Campbell called upon Morgan and asked him to pay each of said notes as they became due. Morgan told Campbell that he, Morgan, did not have the money to pay off the notes, and asked Campbell to pay the same, and, upon Campbell paying same, Morgan stated that he would pay back to Campbell the money so expended. In pursuance of this request of Morgan, Campbell paid to Jackson the sum of $325, the full face of the notes, without knowledge of what sum had been paid for the notes by Jackson. The three notes were introduced in evidence, indorsed by "J. A. Campbell, Scty.," and transferred to J. A. Campell by Jackson as follows: "Without recourse, this note is transferred to J. A. Campbell for value received." The bill of sale was also introduced in evidence. It was made for the purpose of securing the payment of these notes, under § 1969 et seq. of the Code of 1882, and in accordance with the act of the legislature approved December 17, 1894. It was properly signed by Morgan, legally attested, and was filed for record on December 24, 1897, and recorded on January 3, 1898. On September 16, 1897,

Jackson transferred to Campbell in writing the bill of sale. Jackson swore upon the trial that he took the notes which were secured by the bill of sale from Morgan to himself, and transferred by himself to Campbell, in the regular course of business; discounted them as commercial paper; that they were represented to him as such; that he took the bill of sale, and upon payment of the notes by Campbell, the security transferred the bill of sale to Campbell, the plaintiff in this case. Defendant then introduced R. P. Bush, who was surety upon defendant's bond in the bail-trover action. Bush testified that Morgan had executed to him a bill of sale upon the property described in the petition, and in the bond which he had signed, for a valuable consideration, which bill was taken without notice of the outstanding title claimed by plaintiff in this case, and was recorded prior to the date of recording the bill of sale under which Campbell, the plaintiff, claims. This evidence was objected to by plaintiff as being irrelevant and immaterial, in that the outstanding title could not be pleaded nor shown by the defendant Morgan to defeat a bill of sale which he had previously executed, and in which bill of sale he had warranted the title to the property attempted to be sold or conveyed; that Morgan was estopped to defeat the title which he had conveyed in the bill of sale which contained his warranty, and which had previously been introduced by the plaintiff in this cause, by showing an adverse title created by himself. This objection was overruled. The bill of sale from Morgan to Bush was then admitted in evidence.

The court rendered a judgment deciding that the defendant Morgan could not set up the outstanding title of Bush in his defense, and was estopped to plead usury as against Campbell holding the notes; but he ruled that the evidence showed the bill of sale under which plaintiff claimed was void for usury, and that the plaintiff could not bring this kind of action, that is, trover, as he had no title, and that his action, therefore, failed. The plaintiff in his bill of exceptions assigns error upon the admission of the evidence of Bush and of the bill of sale from Morgan to Bush; and also assigns as error the judgment of the court finding against the plaintiff, for the reason that the same was contrary to law and the evidence, and be-

cause the defendant Morgan was estopped by his acts from pleading usury against Campbell, and was estopped by the warranty in his bill of sale from setting up an outstanding title previously or subsequently made to the property which is the subject-matter of this suit. There was a cross-bill of exceptions filed by counsel for the defendant, alleging error in the ruling that Morgan could not set up the outstanding title of Bush in his defense; and further error in holding that the defendant Morgan was estopped to plead usury as against Campbell, the holder of the notes.

1, 2. We do not think that under the evidence in this case the court was authorized to draw the inference that any usury had been established, either in the notes or in the bill of sale given to secure the same, which is the foundation of this action of trover. It seems that Hardaway held the notes of Morgan, which were unsecured then by bill of sale. What the consideration of those notes was does not appear from the evidence; whether Morgan gave them as a mere matter of accommodation to Hardaway, or whether he gave them for the payment of a debt he was due Hardaway. Therefore there is an utter failure of proof to show that any usurious consideration ever entered into these notes in the transaction between the maker and the payee thereof. Hardaway applied to Jackson for a loan and offered him these notes, we presume, as collateral security. Jackson refused to accept them. Hardaway then offered to have them indorsed by Campbell, the plaintiff in this case; whereupon Jackson agreed to discount them, and bought them in at $275. At the same time Morgan gave to Jackson a bill of sale on the property herein sued for, for the purpose of securing the notes. There is no contradiction of Jackson's testimony, that he took the notes in the regular course of business, discounted them as commercial paper, had no reason to believe that they were not commercial paper, as they were represented to him as such. He took the bill of sale, and, upon payment of the notes by Campbell, the security, transferred the same to him. The fact that Jackson was dealing in commercial paper, and bought these notes up at a discount, so that he paid for them less than their face value, does not render the transaction

at all usurious. But even conceding that these notes were usurious, yet this fact did not appear upon their face. The plaintiff was induced to sign the same as security in utter ignorance of any taint of usury, and in good faith believing that the payment of the notes was secured by bill of sale to the personalty which Morgan had made. When the notes fell due, plaintiff tried to get Morgan to pay them off, and Morgan's reply was a request that plaintiff pay them off as they matured, and that he would reimburse plaintiff for his expenses in so doing. This conduct on the part of the maker clearly estops him from impeaching the validity of his title on the ground of usury. To allow such a defense would be giving the debtor the privilege of taking advantage of his own fraud perpetrated upon his creditor. If Campbell, before he paid the money appearing due upon the face of these notes, had discovered that they were tainted with usury, he would have been discharged from all liability thereon. This was decided in the case of *Prather* v. *Smith*, 101 *Ga.* 283, where it was held : "A waiver of a homestead and exemption right, even though such right be inchoate only, is valid and will be binding upon the person making the waiver when the right becomes complete. Such a waiver is, however, void if embraced in a promissory note infected with usury, and a surety thereon signing in ignorance of the usury will be discharged."

The decisions relied on by counsel for defendant in error have no application to the facts in this case. For instance, in *Beach* v. *Lattner*, 101 *Ga.* 357 (2), it was decided : "A grantee in a security deed tainted with usury, can not, as against the maker thereof, convey a good title even to a person who takes bona fide, before maturity, for value, and without notice of the fact of usury." To the same effect see *Angier* v. *Smith*, 101 *Ga.* 844. But in none of these cases does it appear that an innocent party was induced to purchase the note, or the property covered by the deed tainted with usury, by the representations and at the request of the maker thereof. Nearer allied to the facts in this case is the principle decided in *Polhill* v. *Brown*, 84 *Ga.* 338 – 9 (3), where it was held : "Whatever usury may have been in the contract under which defendant had formerly conveyed the land

to one to secure a debt could not affect a deed which defendant procured this one to make to plaintiff to indemnify him for standing security for defendant upon a note to a fourth person for borrowed money." See also *Lay* v. *Seago*, 47 *Ga.* 82–3, where it is held: "If a surety on a contract originally usurious pays it, and in payment includes the usury, he is entitled to recover it of his principal, unless previous to the payment he had notice of the intention of the principal to resist the usury." A case more directly in point, and the principle in which necessarily controls the present one, is *Henry* v. *McAllister*, 99 *Ga.* 557. There it appeared that the deed was tainted with usury, it being given as security for a usurious note; that the usury did not appear upon the face of the papers. The maker of the note and deed appealed to a third person to purchase the note, representing to him that the deed was valid and all right. It was held in that case that the maker of the usurious deed was, as against the rights of such a purchaser, estopped from setting up usury in the transaction.

3. Complaint is made in the cross-bill of exceptions that the court erred in ruling that the defendant Morgan could not set up the outstanding title of Bush in his defense; and plaintiff in error, in the main bill, likewise complains of error in the court admitting in evidence the testimony of Bush, and the bill of sale to the property in dispute from Morgan to Bush. It seems, however, that the error in admitting that evidence was cured by the judgment of the judge, who held that the defendant Morgan could not set up the outstanding title of Bush in his defense, and that Morgan was estopped to plead usury as against Campbell holding the notes. Bush was no party to the case. The question would have been quite different if this action had been brought against Bush, and he had been in possession of the property claiming under this title. But the plaintiff brings his suit against Morgan, the grantor from whom he derived title, which he has made the basis of his action of trover. We think the principle announced in *Hall* v. *Davis*, 73 *Ga.* 101, controls this question. It was there held: "The defendant was estopped by his deed from denying title to the mortgaged premises, and neither he nor the court at his suggestion could intervene for the protection of the rights of a third person, who

would not be bound by a judgment to which he was not, and could not be made, a party." See also authorities therein cited.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. All the Justices concurring.*