### 4954. HARTZ *v.* HARTZ.

Where a husband makes to his wife a gift of a chattel, and afterwards obtains and holds possession of the property, he can not, in a suit in trover brought by the wife to recover the property, set up title in a third person at the time the gift was made.

DECIDED SEPTEMBER 9, 1913.

Trover; from city court of Macon—Judge Hodges. May 10, 1913.

*Miller & Jones,* for plaintiff in error.

*Minter Wimberly, Jesse Harris,* contra.

POTTLE, J. Minnie Hartz brought an action of trover against her husband, Morris Hartz, from whom she had previously separated, to recover a diamond sunburst and a diamond horseshoe pin. She claimed title under a gift from him. According to her testimony, he gave her these articles shortly before their marriage, and

26

stated to her that the sunburst had been left in his mother's will to his future bride, and that he was therefore giving it to her as a wedding present. She accepted the gift and continuously used the property as her own until her separation from her husband about six months after their marriage. Shortly before the separation she was taken to the hospital for an operation, and gave him both pieces of jewelry for safe-keeping. Upon the separation the husband refused to return the property. He never claimed title to either piece of jewelry, within the knowledge of the plaintiff, until after the suit was brought. The defendant did not deny the gift of the horseshoe pin, but did deny making his wife the present of the sunburst; as to this he contended that he merely consented for her to wear it. He further testified that at the time the wife claimed that the gift of the sunburst was made, and also at the time the suit was brought, the title to the sunburst was in himself and his brother Sidney Hartz jointly. It also appeared from the evidence that the American National Bank held a mortgage on the sunburst, which had been executed by the Hartz brothers. The trial judge charged the jury as follows: "Now you are not concerned in any way, so far as this case is concerned, with the rights of Sidney Hartz or with the rights of the American National Bank, if any it had, in the event you believe, by a preponderance of the evidence, that the diamond sunburst pin was in truth and in fact given by Morris Hartz, as his property, to his wife, or to his betrothed, to be her property, or as a gift." He also instructed the jury as follows: "He (defendant) further says that it was not his property (the diamond sunburst) to give; that it was the property of a partnership consisting of himself and his brother; and I have admitted to you that testimony tending to show that it was the property of himself and his brother, as tending to throw light upon the probability or improbability of the contentions of the plaintiff in the case that the defendant did give to her the diamond sunburst pin as contended by her." The jury returned a verdict in favor of the plaintiff, for the property sued for, and the defendant, in his motion for a new trial, contends that the verdict was contrary to the evidence, and that the court erred in the instructions above set forth.

According to the testimony of the wife, the transaction relied upon by her in proof of her title contained all the essential ele-

ments of a gift. There was an intention to give by the donor, acceptance by the donee, and delivery of the article given. Civil Code, § 4144. The defendant did not dispute the gift of the horseshoe pin. Consequently, the only question necessary to be decided is whether or not the defendant had a right to set up an outstanding title in his brother to an undivided half interest in the diamond sunburst. If the husband had sold the sunburst to his wife and she had parted with anything of value in consideration therefor, it is clear that he would have been estopped to dispute his own title or his own right to sell. *Elliott* v. *Keith,* 102 *Ga.* 117 (29 S. E. 155); *Campbell* v. *Morgan,* 111 *Ga.* 200 (36 S. E. 621); *Southern Bell Tel. Co.* v. *Harris,* 117 *Ga.* 1001, 1004 (44 S. E. 885). Under our view of the law, it is unnecessary to discuss the question of the right of a cotenant to sue in trover for an undivided interest in property which is incapable of division. Upon this subject see 28 Am. & Eng. Enc. of Law (2d ed.), 712, 715. It is conceded by counsel for the plaintiff in error that if the husband, in withholding the entire possession of the sunburst from the plaintiff, was a mere wrong-doer, the plaintiff might have recovered upon proof of her mere possession, and he would not be allowed to set up the jus tertii. *Mitchell* v. *Ga. & Ala. Ry.,* 111 *Ga.* 760, 764 (36 S. E. 971, 51 L. R. A. 622). It is argued, however, that the defendant was not a wrong-doer in withholding the property, and that hence the presumption of title arising from proof of prior possession in the wife was not conclusive against him. According to the wife's testimony, the gift was complete, and therefore irrevocable. It was founded upon a good consideration. It was given in contemplation of immediate marriage, and was ratified after marriage. We can conceive of no good reason why in such a case the husband ought not to be estopped to deny his own title, just as he would have been had he made a sale to his wife. The doctrine of estoppel is founded "upon the highest principles of morality, and recommends itself to the common sense and justice of every one; and although it debars the truth in the particular case, and, therefore, is not unfrequently characterized as odious and not to be favored, still it should be remembered that it debars only in the case where its utterance would convict the party of a previous falsehood, and imposes silence on a party only when in conscience and honesty he should not be allowed to speak." Herman on Estoppel

& Res Judicata, § 670. The gift from the husband to the wife was accompanied by an assertion of title. He is, therefore, estopped, not only by an implied assertion of title, but by the express assertion of title contained in his statement that the sunburst had been bequeathed in his mother's will to his future wife. A good consideration is in law as binding between the parties as a valuable consideration. If a husband, upon a consideration of love and affection, convey land to his wife by warranty deed, he would clearly be estopped, in a suit for the land by her or her privies, to deny that he had title when he conveyed it. In Alabama it has been held that a gift by a sealed deed is good, because the donor is estopped from saying that the property has not passed to the donee. See Connor v. Trawicks, 37 Ala. 289 (79 Am. D. 58), cited in Thornton on Gifts, § 190. In this State but three things are essential to consummate a gift of a chattel: intention of the donor, acceptance by the donee, and delivery of the chattel, or something which the law will accept in lieu thereof. No writing is necessary. And, as between parties sustaining to each other the relation of husband and wife or parent and child, a gift from one to the other is supported by a good consideration; and there is as much reason why the doctrine of estoppel should be applied to the donor as there would be in the case of a sale from one to the other. Whether this rule should apply to a gift from one person to another where there is no such confidential relation need not be determined. The plaintiff having made out her case by proof of a gift from her husband, he can not defend by setting up title in a third person at the time the gift was made. The trial court properly admitted evidence of title in Sidney Hartz, for the purpose of corroborating the testimony of the husband that he had made no gift; but it was not admissible for the purpose of defeating the wife's claim, if a gift was in fact made as she contended.

*Judgment affirmed.*