WILLIS, administrator, *v.* HUDSPETH *et al.*

FISH, C. J. 1. On the trial of an action for land, where the defendant sought to set up prescription and adverse possession under written evidence of title for seven years, the court did not err in admitting in evidence, as color of title, a tax deed executed by the sheriff on January 1, 1884, conveying the premises in dispute to one under whom the defendant claimed, together with a tax fi. fa. issued by the tax-collector on September 23, 1883, for the taxes of that year and against the land in dispute as wild land, which fi. fa. was attached to the deed and made a part thereof; the instruments being objected to by the plaintiff on the ground that they were void for various reasons, none of the objections, however, raising the point of insufficiency of description of the property in the deed. As to instruments held capable of operating as color of title, but void as muniments of title, see Powell on Actions for Land, 383, § 295, note 6; 1 Michie's Dig. Ga. R. 181 (1). See also *Bower* v. *Cohen,* 126 *Ga.* 35 (54 S. E. 918) ; *Dodge* v. *Cowart,* 131 *Ga.* 549 (62 S. E. 987).

2. The proffered testimony set forth in the second and third grounds of the motion for new trial was hearsay, and therefore was properly excluded.

3. It was not cause for criticism of an instruction to the jury, which stated correctly a principle of law applicable to the case, that the court did not in connection therewith give in charge some other pertinent legal principle. *Southern Ry. Co.* v. *Williams,* 139 *Ga.* 357 (77 S. E. 153) ; *Winn* v. *Bridges,* 144 *Ga.* 497 (87 S. E. 665).

4. As to title by prescription the court instructed the jury to the effect that if the grantee in the tax deed, under whom defendant claimed, bought in good faith the land in controversy, believing he was getting a good title, and went into actual possession thereunder, and "continued in the actual, public, continuous, exclusive, uninterrupted, and peaceable possession of such land, and under a claim of right and ownership of the same, claiming it as his own, for a period of seven years prior to and up to the eighth day of March, 1907, the date the action was first brought, then the defendant should prevail, "although the tax deed . . under which he held possession may be void." This instruction was not subject to the criticism that it "is an incorrect statement of the law applicable to the facts of the case." See *Bower* v. *Cohen,* supra.

5. There being evidence to support the verdict, the refusal of a new trial was not error.          *Judgment affirmed. All the Justices concur.*

                    JULY 11, 1916.

Complaint for land. Before Judge Worrill. Early superior court. July 10, 1915.

*Feagin & Hancock* and *J. E. Hall,* for plaintiff.

*Rambo & Wright* and *Pottle & Hofmayer,* for defendants.