12105. STATE OF GEORGIA *et al. v.* PASCHAL *et al.*

JENKINS, P. J. While, under section 1151 of the Political Code (1910), executions for non-payment of taxes are directed "to all and singular the sheriffs and constables of this State," and under section 1166 "the tax-collector may place his fi. fas. in the hands of any one constable of the county, who shall be authorized to collect or levy the same in any part of the county," the authority of a constable under these sections must be construed with the limitations imposed by section 1165, which expressly prohibits such officer from levying "a tax fi. fa. when the principal amount exceeds one hundred dollars." *Winn* v. *Butts,* 127 *Ga.* 385, 387 (56 S. E. 406); *Butler* v. *Davis,* 68 *Ga.* 173; *Watson* v. *Swann,* 83 *Ga.* 198, 203 (9 S. E. 612). The fi. fa. in the present case exceeding the maximum statutory amount, the levy was properly dismissed on motion.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED AUGUST 23, .1921. REHEARING DENIED SEPTEMBER 27, 1921.

Claim; from Camden superior court — Judge Highsmith. December 14, 1920.

Application for certiorari was denied by the Supreme Court.

*Cowart & Vocelle,* for plaintiffs. *S. C. Townsend,* contra.

ON MOTION FOR REHEARING.

JENKINS, P. J.  On motion for rehearing, and in the light of the argument therein set forth, the entire question determined by the judgment in this case has been given renewed consideration. The three sections of the Civil Code of 1910 which bear upon the question involved are as follows:

§ 1151.  " Executions for non-payment of taxes, against persons who are not required to pay to the treasurer, are issued by the tax-collectors of their respective counties as soon as the last day for payment has arrived, and must be directed to all and singular the sheriffs and constables of this State."  § 1165.  " Executions may be levied by either of the officers to whom directed, or other officer who by law may be authorized in their place; but a constable can not levy a tax fi. fa. when the principal amount exceeds one hundred dollars, and if a tax fi. fa. for less than one hundred dollars be levied by a sheriff, his fee for said levy shall be that now allowed constables, and if the levy be made upon personalty, the same shall be advertised and sold as is now provided for justice-court fi. fas.  If the constable levies on land, it must be returned to and sold by the sheriff of the county."  § 1166.  " The tax-collector may place his fi. fas. in the hands of any one constable of the county, who shall be authorized to collect or levy the same in any part of the county, and it shall be the duty of the constable or constables, or other levying officer to whom the tax-collector may deliver said tax fi. fas. for collection, to proceed promptly to enforce by levy and sale the collection of the same, and said levying or collecting officer shall make prompt settlements with the tax-collectors, and in no event shall he be allowed longer than ninety days from the time the fi. fas. are placed in his hands, within which to make final settlement with the collector and return to him the tax collected and the uncollected fi. fas. with proper entries thereon.  Any constable or other levying officer who shall fail or refuse to make such final return or settlement within the time above stated shall forfeit all costs that might be due him on said fi. fas., and be subject to be ruled before any court of competent jurisdiction and made to account as required by this section."

The argument of able counsel in their original brief is based upon the theory that, since the law does not do vain and futile

things, and since, as they contend, a constable already had territorial jurisdiction under the act of 1852 (Civil Code of 1910, § 1151) to levy tax fi. fas. anywhere within the limits of his county, the code provision of 1863 (Civil Code of 1910, § 1156) must, therefore, necessarily be taken and construed as having for its sole purpose an extension of the constable's jurisdiction as to the amount of a tax fi. fa. which he is authorized to levy in a case where all the fi. fas. are turned over to one such officer. In the motion for rehearing it is contended that the latter portion of the present § 1166, beginning "and it shall be the duty of the constable," etc., prescribing diligence and imposing penalties upon constables as such levying officers, could not have been the purpose of the original 1863 code section, since these latter provisions were only added to the original provisions of § 1166 by the act of 1899 (Ga. L. 1899, pp. 26, 27). In the motion counsel furthermore contend as follows: that "the court overlooked the fact that sections 1165 and 1166 are not to be construed together, but that section 1166 repeals section 1165 to the extent that the tax-collector has authority to designate a particular constable, who is amenable to him, and that constable then has full authority to levy all fi. fas., regardless of amount, and that it so repeals said section, for the reason that section 1165 is taken from the acts of 1852, and section 1166 was placed in the code in 1863 for the purpose of changing the act of 1852 to the extent thus indicated."

The authority to levy and collect tax fi. fas. seems to have been originally vested in the sheriffs. Under the act approved December 12, 1804, which was re-enacted by subsequent acts and long continued of force, it was provided: "It shall be the duty of the sheriffs, in each county, to receive from the tax-collector therein, all executions that may be tendered to him for taxes, and to levy and collect the same, and to make due returns to the said collector, within thirty days after the receipt of each execution, where personal property is levied on, and where it shall be real estate, sixty days;" etc. Cobb's Dig. (1851), 29, sec. XXX, p. 1053. Thus, prior to the act of 1852 the powers of constables to levy, while running coextensively with the jurisdictional amounts of justices of the peace as to other executions, did not extend to tax fi. fas. at all, and by the enabling statute of 1852 their jurisdic-

tion to levy tax executions was expressly limited to those not exceeding thirty dollars in amount. ·This act, approved January 21, 1852 (Ga. L. 1851-52, p. 294, sec. 23, II), provided as follows: "That when the tax-collector of any county shall hereafter issue an execution for taxes in arrear, the same shall be directed to all and singular the sheriffs and constables of this State, and shall be levied by either officer when the tax does not exceed thirty dollars; but where the tax exceeds that sum, the execution shall be levied by the sheriff alone." Cobb's Statutes & Forms (1859), sec. 99, II, p. 662.

This act of 1852, as amended by the Code of 1863 and by the act of 1876, is the basis of § 1151 of the Civil Code of 1910. By the Code of 1863 the jurisdiction of constables was extended in amount to $50, and by the act of 1876 to $100.

It does not follow, however, as the movant seems to assume, that merely because the act of 1852 requires that all tax executions shall be directed " to all and singular the sheriffs and constables of this State," the territorial jurisdiction of constables was thereby in any wise extended or affected. As was said in *Butler* v. *Davis*, 68 *Ga.* 173, 174, " The executions are directed to all and singular the sheriffs and constables, in order that the *proper* officer might levy " (italics ours). Almost from the beginning all executions from courts of record were directed " to all and singular the sheriffs of this State " (act of December 14, 1811; Cobb's Dig. p. 510) ; justice-court executions were directed " to all and singular the constables of said county " (Cobb's Statutes & Forms, 263) ; and this was the form even when a constable could not levy a justice-court execution outside of his own bailiwick, which was the rule until the year 1869. *Lapsley* v. *Ga. Loan &c. Co.*, 99 *Ga.* 459 (27 S. E. 717). Even the sheriff, under the act of 1852, could not have levied a tax execution outside of his own proper territorial jurisdiction, although all of them were addressed " to all and singular the sheriffs and constables of this State." The purpose of the act of 1852 was to empower constables to levy tax fi. fas. not exceeding $30, which up to that time they were unauthorized to levy at all. It was only subsequently, and by section 812 of the first code (1863), that constables were for the first time given the right to levy tax executions beyond the limits of their own bailiwicks. By section 811 of that code the juris-

diction as to amount was also extended from $30 to $50, in conformity with the increase of justice-court jurisdiction to that amount by the act of March 5, 1856. The provisions of the Code of 1863 were as follows: § 810. "Executions for non-payment of taxes, against persons who are not required to pay to the treasurer, are issued by the tax-collectors of their respective counties as soon as the last day for payment has arrived, and must be directed to all and singular the sheriffs and constables of this State." § 811. "Executions may be levied by either of the officers to whom directed, or other officer who by law may be authorized in their place; when the principal amount does not exceed fifty dollars, the levy and sale must be made by constable and not otherwise; if the constable levies on land or negroes, they must be returned to and sold by the sheriff of the county." § 812. "The tax-collector may place his fi. fas. in the hands of any one constable of the county, who shall be authorized to collect or levy the same in any part of the county." Section 812 corresponds with the first portion of section 1166 of the present code, and section 810 is identical with section 1151. Thus, while it was not until 1869 that constables were given the right to levy executions, other than those for taxes, outside of their own bailiwicks, the provisions of section 812 of the Code of 1863 gave them, as to tax executions, territorial jurisdiction extending over the entire county. By the preceding section (811) their previous jurisdiction as to amount was extended from $30 to $50. This change of jurisdiction as to amount was doubtless effected to make it conform to their jurisdiction as to other fi. fas., which, as stated, had been increased from $30 to $50 by the act of 1856. Cobb's Stat. & Forms, 254, 257. The language of section 811 of the Code of 1863 is not in itself altogether clear and free from ambiguity. It might possibly have been urged that while that section expressly prohibited sheriffs from levying tax executions of less than $50 (*Morris* v. *Tinker,* 60 *Ga.* 466), it does not within itself plainly and expressly limit the jurisdiction of constables to that amount. But whatever doubt, if any, might have existed as to that is resolved by the decision of the Supreme Court in *Butler* v. *Davis,* 68 *Ga.* 173, wherein it was held: "In 1873 a constable could not levy a tax fi. fa. for more than fifty dollars." This decision construed sections 886 and 888 of the Code of 1873,

which as to the provisions in question were identical with the language of the sections quoted from Code of 1863. Since the only change under the act of 1876 (Ga. L. 1876, p. 30), amending section 811 of the Code of 1863 (Civil Code of 1910, § 1165; Code of 1873, § 888), was to clarify the language in accordance with the ruling of the Supreme Court just quoted, and to change the limitation in amount from $50 to $100, the ruling of the Supreme Court in *Butler* v. *Davis* seems absolutely conclusive in the case at bar.

In addition to this, there is language used in the later case of *Watson* v. *Swann*, 83 *Ga.* 198, 203, decided since the act of 1876, which would also seem to be conclusive. In that case, Chief Justice Bleckley said: " As to tax fi. fas. *not exceeding one hundred dollars* in amount, the constable has as wide range *territorially* as the sheriff, and we think as wide a range as to the kind of property to be seized." (Italics ours.) The point seems also clearly decided in *Winn* v. *Butts,* 127 *Ga.* 385, 387, where the Supreme Court said: " The execution is directed ' to all and singular the sheriffs and constables of this State.' Pol. Code, § 894. It may be levied by either of the officers to whom 'it is directed, or other officer who by law may be authorized to act in their place. A constable can not levy an execution for taxes when the principal amount exceeds $100. If it is for less than $100, it may be levied either by the sheriff or a constable." Thus, it appears that the act of 1852 did not give to constables the right to levy tax executions outside of their own districts or bailiwicks; that such authority was the main purpose of section 812 of the Code of 1863 (Civil Code of 1910, § 1166), and that under these three decisions of the Supreme Court the pecuniary jurisdiction of constables remains limited, despite the provisions of section 1166.

Referring specifically to the quoted portion of the motion, wherein counsel contend that section 1165, in so far as it expressly limits in amount the jurisdiction of constables in levying tax executions, is repealed by the later code section (1166), it might be first said that the limitation imposed by section 1165 is plain and specific, and that a repeal by implication of such a definite statutory provision is not favored. *Verdery* v. *Walton,* 137 *Ga.* 213, 216 (73 S. E. 390) ; *Sampson* v. *Brandon Grocery Co.,* 127 *Ga.* 454, 456 (56 S. E. 488, 9 Ann. Cas. 331) ; *Ham-*

*mond* v. *State,* 10 *Ga. App.* 143, 145 (72 S. E. 937). But, in addition to this, the plain and express pecuniary limitation imposed by section 1165 is, in point of fact, of later date than section 1166, on which the movant relies. While section 1166 dates from the Code of 1863 (§ 812), section 1165 as now embodied in the code is a re-enactment of the act of February 25, 1876 (Ga. L. 1876, p. 30), when the plain and emphatic pecuniary limitation was changed from $50 to $100, at which amount it now stands. *Motion for rehearing denied. Stephens and Hill, JJ., concur.* ·