## 16241.  PASCHAL *v.* GODLEY *et al.*

1. Where an officer of a corporation is in the possession of property not in his own right but solely as an agent of the company, he has not such title as will support an action of trover against a sub-agent to whom, as a representative of the company, he has entrusted it to be kept for their common principal, and in a trover suit against the sub-agent by the superior agent, or officer of the corporation, for the recovery of the property so entrusted, the defendant is not estopped from contending that the property was not that of the plaintiff but was the property of the company.  Applying this ruling to the evidence, the verdict found for the defendants in the instant case was authorized.

2. None of the special grounds of the motion for a new trial showed reversible error.  The court did not err in overruling the motion.

DECIDED SEPTEMBER 9, 1925.

Trover; from Camden superior court—Judge Highsmith.  December 30, 1924.

*S. C. Townsend,* for plaintiff.

*Cowart & Vocelle,* for defendants.

BELL, J.   J. R. Paschal brought a trover suit against W. B. Godley and D. M. Proctor for the recovery of 350 head of cattle. The jury returned a verdict in favor of the defendants, the plaintiff filed a motion for a new trial which was overruled, and he excepted.

1.   We think there is sufficient evidence to support the verdict. The defendants purchased the property at a purported constable's sale, on August 3, 1920.  This sale was under a tax fi. fa. issued by the tax collector of Camden county against J. R. Paschal "agent for Camden Land & Cattle Company," for taxes for the year 1919, in a sum upwards of $2000.  The cattle had been levied upon and were sold as the property, not of Paschal, but of the company.  To say nothing of the other irregularities in the fi. fa. and the levy, the sale was void because of the lack of authority in the constable to execute a tax fi. fa. for a sum in excess of $100.  *State* v. *Paschal,* 27 *Ga. App.* 357 (108 S. E. 475).  The defendants' claim of title was founded in this sale which, of course, within itself amounted to nothing, and the court in effect so instructed the jury.

There was evidence that Paschal had been in possession of the property for several years prior to the sale, and that the care and custody of the same had been entrusted by him to the defendant Proctor, during whose keeping it was seized by the constable.  But

the jury were authorized to find from the evidence as a whole that Paschal was never in possession of the property in his own right, and that his control of the same was solely as an officer of Camden Land & Cattle Company, of which, it appears, he was president. The jury could have found under the evidence either that the title was in Paschal or that it was in the company. One or the other of these conclusions was demanded. The jury evidently found that the title to the property was in the company and that Paschal's possession had been not in his own right, but merely as the company's agent. While an agent can not dispute his principal's title except in certain instances not present in this case (Civil Code of 1910, § 3584; *Small* v. *Wilson,* 20 *Ga. App.* 674 (3) (93 S. E. 518)), yet if Proctor was in possession of the cattle merely by virtue of an employment by Paschal as an officer of the corporation, as the jury were authorized to infer, he would not because of these facts be estopped from defending upon the ground that the title was not in Paschal but in the company. Mere possession of the property by Paschal as an officer or agent of that company would not have been such right or interest in the property as would have entitled him to maintain trover for its recovery. *Mitchell* v. *Georgia & Alabama Ry.,* 111 *Ga.* 760 (1) (36 S. E. 971, 51 L. R. A. 622). To allow the verdict for the defendants to stand upon this theory does not impinge upon the rule that an agent ordinarily can not dispute his principal's title, or encroach upon the doctrine that one holding property under another is estopped in an action between themselves from asserting a want of title in the one from whom he received it. *Hartz* v. *Hartz,* 13 *Ga. App.* 401 (79 S. E. 230); *Watters* v. *Hertz,* 135 *Ga.* 804 (2) (70 S. E. 338); *Yerby* v. *Gilham,* 147 *Ga.* 342 (1) (94 S. E. 246). Nor does it involve a permission to Proctor to deny the authority of Paschal. Under such a theory of the case Paschal was neither Proctor's principal nor his grantor, but instead he was the company's agent and Proctor was its sub-agent. We can think of no rule of law that will prevent a sub-agent, when in the possession of property as such and when sued therefor by a superior agent who had placed him in possession for their common principal, from claiming that the title was in the principal and not in the plaintiff. The possession of each of them had been in the right of the principal, and one could not recover from the other in trover.

2. In the first special ground of the motion for a new trial complaint is made that the judge erred in certain statements made in the presence of the jury in commenting upon a motion for a nonsuit. The judge refuses to approve this ground of the motion, and it can not be considered.

In another ground of the motion error is assigned upon the court's refusal to permit one of the defendants on cross-examination to answer an interrogation as to whether, when purchasing the property at the constable's sale, he knew "that there was great question as to whether the constable had the right to sell those cattle." The effect of the judge's charge to the jury was that this sale was absolutely void and that the defendants could have no advantage under it. It was therefore immaterial whether the defendants knew of the invalidity of the sale at the time. There was no error in the court's ruling.

In another ground of the motion it is alleged that the court erred in permitting L. J. Cowart, a witness for the defendant, to testify that one Ben W. Calvin paid off the balance due upon the fi. fa. after the credit of the proceeds of the sale, the objection to this evidence being in substance that the fact that any one had been credited with the proceeds of the sale of the cattle and had paid the balance of the taxes called for by the fi. fa. was not admissible for the purpose of disproving the plaintiff's title, and was irrelevant and immaterial. We do not deem it necessary to determine whether this testimony was admissible for the purpose of showing a ratification by Paschal of the void sale, under section 6077 of the Civil Code. While, technically speaking, the tax fi. fa. was against Paschal individually, yet it seems that all of the parties regarded it as being for taxes really due by the Camden Land & Cattle Company. The entry of the constable's purported levy was introduced in evidence, and showed that the property was levied upon as that of the company. The defendant Proctor testified that he notified Paschal of the levy. There is some slight evidence to the effect that Calvin, in paying off the balance of the taxes, did so at the instance of Paschal. Considering all of these circumstances together, we can not say that they did not tend to an admission on the part of Paschal that the cattle belonged to the company. But, as a matter of fact, it is practically impossible from the record to ascertain in what capacity Calvin acted. There is no evidence that

he acted in behalf of the company unless at the behest of Paschal. If this could have been the proper explanation of his conduct, we think the testimony was admissible for the purpose just stated; and in our opinion the conclusion would hardly be different if the payment was for Paschal personally with the fi. fa. considered as being against him individually, since it appears that the property was levied upon as that of the company and that he was advised thereof.

Unless the appearance of Calvin in the transaction is to be accounted for in one of the ways mentioned, he came in, so far as the evidence shows, only as a stranger; and while it would seem that if he paid off the fi. fa. as a stranger or volunteer, the fact of his payment would be irrelevant to any issue in the case, yet the admission of such fact in evidence, though erroneous, would not be prejudicial, and therefore would not constitute cause for a new trial. We are induced to the conclusion that there was no prejudice, even if error, partly by a reference to the court's charge wherein the jury were instructed that the constable's sale, "or anything about it or in connection with it," was immaterial. See, in this connection, *Southern Railway Co.* v. *Harper,* 32 *Ga. App.* 267 (4) (123 S. E. 154).

In the confused state of the proceedings in regard to the sale, and in view of the unsatisfactory delineation of Calvin's connection with the transaction, neither he nor Paschal having testified, and the other evidence being so meager upon the point, it is almost impossible to reach any intelligent conclusion with reference to the ground of the motion now under consideration; but in no view thereof can we discern such error as would vitiate the verdict.

Under the rule that a ground of a motion for a new trial must be complete in itself, without reference to other grounds or to other parts of the record, special ground 4 can not be considered.

Under the rulings made in the first division of this opinion, and in view of the fact that the trial judge in his instructions clearly informed the jury that the defendants could derive no title or claim to the property by virtue of the constable's sale, and in effect, though not expressly, confined them to a determination of the single question of whether the title to the property had previously thereto been in Paschal individually or in the company, none of the excerpts from the charge of the court, complained of in other grounds of the motion, were erroneous for any reason assigned.

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*