## McDONALD *v.* WIMPY.

No. 15663. JANUARY 8, 1947. REHEARING DENIED FEBRUARY 7, 1947.

*Weir S. Gaillard,* for plaintiff.

*A. C. Wheeler* and *Kenyon, Kenyon & Gunter,* for defendant.

WYATT, Justice. (After stating the foregoing facts.) ■ A constable has no authority to levy a tax fi. fa. where the principal amount exceeds $100. Code, § 92-7406. Where such a levy is made, and pursuant thereto a sale is had and a sheriff's deed is executed, the deed is void and ineffectual as a conveyance of title. See *Butler* v. *Davis,* 68 *Ga.* 173; *State of Georgia* v. *Paschal,* 27 *Ga. App.* 357 (108 S. E. 475).

Since the evidence in this case showed that the sheriff's deed under which the plaintiff claims title was made pursuant to a levy by a constable of a tax fi. fa. exceeding $100 in the principal amount, the plaintiff acquired no legal title by virtue of the deed.

■ Although void and ineffectual as a conveyance of title, the sheriff's deed was sufficient color of title upon which to base prescription. *Smith* v. *Jefferson County,* 201 *Ga.* 674; *Willis* v. *Hudspeth,* 145 *Ga.* 438 (89 S. E. 427). There was evidence tending to show adverse possession of a portion of the land described in the sheriff's deed for a period of more than seven years prior to the defendant's purchase. The jury, under the evidence, would have been authorized to find that the plaintiff, immediately after his purchase, entered upon the described premises, enclosed several acres with a fence, cultivated a part of the land, used a part for pasturing purposes, and built a cow shelter on the land; and that actual adverse possession was maintained for more than seven years. Actual possession of a part of the land would, by construction, extend the possession to the limits of the boundaries described in the sheriff's deed. Accordingly, the evidence would have authorized a finding that the plaintiff had acquired a prescriptive title

to the whole of lot 1131. For these reasons, the court erred in directing a verdict for the defendant.

■ The rules of law with reference to coterminous landowners, and prescription by constructive possession as between them, which are urged by counsel for the defendant in error, have no application to the facts disclosed by the record, for the reason that this case does not involve a disputed boundary line between parties owning adjacent properties, but relates solely to the title to an entire lot of land to which both parties hold deeds.

■ The special ground of the motion for new trial, complaining of the exclusion of evidence, is without merit, it not appearing that the court was apprised of the answer expected to the question propounded on direct examination by counsel for the plaintiff.

■ Evidence not quoted in the foregoing statement of facts was introduced on the question of estoppel, which was pleaded by the plaintiff; but since upon another trial the evidence may be different, no ruling is now made on this question.

*Judgment reversed. All the Justices concur.*