LITTLETON SMITH, plaintiff in error, vs. JOHN T. MORRIS, defendant in error.

Where the process is endorsed on the back of the writ, it is sufficient, without stating the case, or naming the defendant; and were it defective, it is amendable.

Trover, in Carroll Superior Court. Decision by Judge HAMMOND, April Term, 1859.

This case being called, and the parties having announced ready, and a jury being empanneled to try the issue, counsel for defendant moved to dismiss the action on the ground, that the process was incomplete, and void, in this, that the *name* of defendant was not set out therein, but was wholly omitted. It appeared that the process was on the back of the declaration, and on the same sheet or leaf of paper, in the following words, to-wit:

" GEORGIA—To the Sheriff of Carroll county, greeting:

The defendant is hereby required personally or by attorney to be and appear at the next Superior Court to be held in and for the county of Carroll, on the first Monday in October next, then and there to answer the plaintiff's demand in an action of trover, as in default thereof, said Court will proceed as to justice shall appertain. Witness the honorable DENNIS F. HAMMOND, Judge of said Court, this 14th day of September, 1858.

(Signed,) JOHN LONG, *Clerk.*

A copy of the declaration with this process thus endorsed had been served on defendant, and an entry thereon to this effect, signed by the Sheriff.

The Court held the objection good, and the defect fatal, upon which, counsel for plaintiff moved, that the Clerk be allowed to amend the process, by stating the names of the parties plaintiff and defendant, above, or in the margin of

the process, in the usual form, the omission being a mere clerical one.

The Court refused the motion to amend, and dismissed the action. To which decision, counsel for plaintiff excepted.

W. W. & M. F. MERRELLS, by THOS. W J. HILL, for plaintiff in error.

BUCHANAN & WRIGHT, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

The objection to this process would, no doubt, be good at common law. For there the process is independent of the declaration, which is not filed until after the defendant has been brought into Court, by means of the process. Hence it must be full and complete of itself. Not so, however, under the Judiciary Act of 1799. That requires the process to be "annexed" to the writ. They must, therefore, be taken together. By the process, the Sheriff is commanded to summon the defendant to appear at the next Term of the Court to which it is returnable. The writ shows who the defendant is. Thus identified, he was served by the Sheriff, did appear, and filed his defence to the action. We hold the process was good.

Were it deficient, it is amendable under the ninth section of the Judiciary Act, which the plaintiff proposed doing, but was refused by the Court.

Judgment reversed.