Baldwin, Starr & Co. *vs.* McMichael, administratrix; etc.

BALDWIN, STARR & CO. *vs.* McMICHAEL, administratrix.

Where the name of the defendant was stated in the declaration, and the process attached was directed to the sheriff or his deputy, and required that the defendant be and appear at the return term of the court, the fact that in the formal statement of the case at the head of the process the name of the defendant was erroneously stated, did not render the process and judgment founded thereon void. Such defect was amendable. Hence, in a claim case, it was error to exclude the *fi. fa.* on account of such defect in the process. Code, §§3345, 3334, 206, par. 6; 29 *Ga.*, 339; 50 *Ib.*, 96; 60 *Ib.*, 116.

JACKSON, Chief Justice.

---

CHAMBERS *vs.* KINGSBERRY; SKRINE, for use, *vs.* LEWIS.

To render a promissory note a sealed instrument, it should be so recited in the body of the note. The mere addition of a seal after the signature is not sufficient. Code, §2915.

(*a.*) A note in the usual form, but with a seal added after the signature, will be barred after six years from maturity. Code, §2917.

SPEER, Justice.

---

WRIGHT *vs.* HAWKINS.

1. An affidavit by a landlord that his tenant is "justly indebted" to him a specified amount of rent, is equivalent to a statement that the rent is due.

2. A counter affidavit that a part of the rent distrained for is not due, is sufficient to carry the case to the jury, and is not demurrable.

3. Where an affidavit to obtain a distress warrant states directly or by legal implication that the rent is due, and also adds the statement that the tenant is removing his property, the latter allegation may be treated as surplusage, and does not necessarily vitiate the proceeding.

SPEER, Justice.