<hr/>

## CHENEY & MATTHEWS *vs.* BEALL.

Executions from the superior court should be directed to " all and singular the sheriffs of said state and their lawful deputies," but a direction to " all and singular the sheriffs of said state " only will not require the quashing of the *fi. fa.*, the defect being amendable.

(*a.*) Where a *fi. fa.* so directed was in fact placed in the hands of a sheriff and levied by him, *sembie* that the want of a direction to the deputy sheriffs would be immaterial, and it would not be necessary to amend.

November 14, 1882.

Executions. Levy and Sale. Before Judge STEWART. Upson Superior Court. January Term, 1882.

Reported in the decision.

M. H. SANDWICH, for plaintiffs in error.

ALLEN & TISINGER, for defendant.

CRAWFORD, Justice.

The error complained of in this case is, that the judge below quashed the plaintiff's *fi. fa.* upon the ground that it was directed to "all and singular the sheriffs of said state—greeting," instead of being directed to all and singular the sheriffs of said state and their lawful deputies— greeting.

Under the rulings of this court, we do not consider the omission complained of by the defendant in *fi. fa.* to have been such a defect as to have warranted the judge below in ordering it quashed. It is true that it should have been directed, not only to the sheriffs, but to their lawful deputies. Still, it was amendable, and, if necessary, should have been amended, and not quashed. But, under the facts of this case, was it necessary to have changed it at all to have authorized its proceeding? It had gone into the hands of one of the very officers to whom it was directed, and had been levied by him; the mandate was to him, and he had obeyed it. It was not a misdirection, as far as it went, but a want of fullness of direction only. And as it was levied by a proper officer, and required no change in the *fi. fa.* to authorize that officer to levy and collect it, it would seem to be unnecessary even to annul it; but however that may be, we hold that the judge erred in quashing the *fi. fa.*, and his judgment must be reversed. 63 *Ga.*, 227, 428; *Gillis vs. Smith, ex'r*, Sept. Term, 1881, not yet reported.

Judgment reversed.