## NEAL–MILLARD COMPANY *v.* OWENS.

Where a defendant in a pending suit is served with a process in which an entirely different person is named as defendant, such process is, as to the person served therewith, no process at all; and the name of the real defendant can not, by amendment at the trial term of the case, be substituted for the person named in the process. In such a case it is proper to sustain a timely motion made by the defendant to vacate the entry of service upon him made by the sheriff.

Submitted May 1, — Decided July 19, 1902.

Complaint. Before Judge Seabrook. Chatham superior court. January 16, 1902.

*Twiggs & Oliver*, for plaintiff.
*William P. Hardee*, for defendant.

COBB, J. The Neal-Millard Company filed, in the office of the clerk of the superior court of Chatham county, a petition against Hampton J. Herb and Mrs. Mary H. Owens. The process annexed to the petition stated the case as "Neal-Millard Company *vs.* Hampton J. Herb and Ed. L. Prince"; and in the body of the process "the defendants, Hampton J. Herb and Ed. L. Prince," were required to appear at the next term of the court to answer the plaintiff's petition. The process was dated August 13, 1901. On the back of the petition the case was stated as the "Neal-Millard Com-

pany *vs.* Hampton J. Herb and Mrs. Mary H. Owens." Mrs. Mary H. Owens was duly served personally with a copy of the petition and process; an entry to this effect being made on the petition by the sheriff. On November 30, 1901, Mrs. Owens filed in the office of the clerk a petition praying that the court "pass an order vacating the said entry of service of said copy of the writ upon her by said sheriff." On December 14, 1901, the plaintiff offered to amend the process by striking out the name of Ed. L. Prince wherever it occurred and inserting in lieu thereof the name of Mrs. Mary H. Owens. Mrs. Owens objected to this amendment; and the court, after hearing argument upon the motion to amend and the motion to vacate the entry of service, took the case under advisement, and on January 16, 1902, rendered a judgment disallowing the amendment and sustaining the motion to vacate the entry of service. To this judgment the plaintiff excepted.

The Code provides that "No technical or formal objections shall invalidate any petition or process, but if the same substantially conforms to the requisitions of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded." Civil Code, § 4994. It is also provided that "The mistake or misprision of a clerk or other ministerial officer shall in no case work to the injury of a party, where by amendment justice may be promoted." Civil Code, § 5125. The Code contains the further provision that "Void process, or where there is no process or waiver thereof, can not be amended, but if service be acknowledged by the defendant, and, upon hearing testimony, the court becomes satisfied that process was waived by the defendant, and that, at the time such service was acknowledged, by accident or mistake the entry of such waiver was omitted, such omission may be supplied by amendment *nunc pro tunc.*" Civil Code, § 5109. There is no evidence of a waiver of process by Mrs. Owens; and therefore the question to be determined is, whether the process served upon her was void for the reason that, although she was named in the petition as one of the defendants to the suit, her name did not appear anywhere in the process annexed thereto, but the same contained the names of one of the persons named in the petition as defendants and of another person who had no connection with the case. This is the only question to be determined; for it will be conceded that a void process is not amendable, and that a mere irregularity in a process can be cured by amendment.

"Process is the means whereby a court compels the appearance of a defendant before it or a compliance with its demands." 20 Enc. P. & P. 1101. To every petition there must be annexed a process, unless the same be waived. Civil Code, § 4974. Where no process is attached to the petition, and process is not waived by the defendant, service of the petition upon him does not give the court jurisdiction to render a judgment against him. In such a case process can not be supplied by amendment at the trial term and service be perfected. *Ross* v. *Jones,* 52 *Ga.* 22; *Killen* v. *Compton,* 60 *Ga.* 117; *Scarborough* v. *Hall,* 67 *Ga.* 576; *McGhee* v. *Mayor,* 78 *Ga.* 790; *Lassiter* v. *Carroll,* 87 *Ga.* 731; *Nicholas* v. *British America Assurance Co.,* 109 *Ga.* 621. A void process is equivalent to no process, and the same result would follow from attaching a void process as from a failure to attach any process whatever. Was the process in the present case void, or was the substitution of another name for that of Mrs. Mary H. Owens such a clerical misprision or irregularity as could be cured by amendment? If in order to give the court jurisdiction of a proceeding brought against a defendant he must either have been served with a mandate from the court to appear and answer the plaintiff's demand, or must have waived such mandate, it would seem to follow, as a necessary corollary from this, that the service upon a defendant of a process commanding some one else to appear in court would be no process at all as to the defendant, and he would have a right to utterly disregard the same. When after the service of such a process the sheriff enters a return that the defendant has been served with the petition and process, the fact that he may institute a proceeding to have the entry of service vacated, and by so doing show that he has had notice of the pendency of the suit, ought not to put him in any worse position than if there had been no return of service and he had treated the whole proceeding as a nullity so far as he was concerned. We do not think it is a purely technical or formal objection for a defendant to urge that he has not been served with process requiring him to appear in court; or that a process which commands a person other than the defendant to appear in court can be said to substantially conform to the law relating to process. If this is true, then the mere fact that the defendant may have had notice of the pendency of the suit would not authorize the court to enter a judgment against him in a proceeding which had been instituted without any valid service upon him.

It was argued that inasmuch as the process in the present case was valid as to the defendant Hampton. J. Herb, it could not be treated as a void process within the meaning of the statute, and therefore not amendable. This contention is not well founded. There is no reason why a process might not be valid as to one defendant and void as to the other, even though the defendants may have been sued jointly. See, in this connection, *Stanford* v. *Bradford*, 45 *Ga.* 97; *Crayton* v. *Fox*, 106 *Ga.* 853. Several cases were cited by the plaintiff in error, but none of them are controlling upon the point made, and we are not disposed to extend the rulings therein made to a case like the present. While the decision in *Cochran* v. *Davis*, 20 *Ga.* 581, that the decisions made by the Supreme Court as to the want of original process do not apply to a defect in the copy process, might be distinguished upon the idea that that point was really not involved in that case, still the principle of that ruling does not conflict with the decision made in the present case. Here the defect is in the original process and not the copy. In *Smith* v. *Morris*, 29 *Ga.* 339, the process referred merely to "the defendant," without stating any name. The court held that the declaration and the process must be taken together, and the name of the defendant being stated in the declaration, the process was not defective merely because it omitted to name the defendant. This decision is not at all in conflict with the present ruling. The declaration having been served on the defendant named therein, together with a process commanding "the defendant" to appear in court at a specified time, he was bound to know that the process referred to the person named in the declaration. But where an entirely different name is stated in the process as defendant, the case is wholly different. In *Baldwin* v. *McMichael*, 68 *Ga.* 828, it appears from the record of file in the office of the clerk of this court that the name of the defendant was not stated at all in the body of the process, but that in the caption of the process the defendant was stated to be an entirely different person from the one named as such in the declaration. The court held that this defect in the caption of the process did not render the process void, but the defect was amendable. In *Smith* v. *Morris*, supra, it was held that the omission of the name of the defendant from the process did not render the same void. The caption to the process is no part of the process, and might be altogether

omitted without affecting the validity of the process. This being so, when in the body of the process "the defendant" is commanded to come into court, this word "defendant" refers to the person named in the declaration as such, and a defendant served with such a process has no right to look to the caption to ascertain who is commanded by the court to appear and answer the plaintiff's demand. Under this view of the *Baldwin* case the decision made therein does not conflict with the ruling now made. In *Mitchell* v. *Long*, 74 *Ga.* 94, it was held that a process which did not contain any direction to the officer of court to execute it was not void. Where the process contains a command to the defendant to appear in court at a certain time for a specified purpose, and where this process is actually executed by the proper officer, the mere fact that the formal direction to the officer to execute the process is omitted therefrom would be at most a mere clerical omission or irregularity which could be cured by amendment. That decision is clearly distinguishable from the present ruling.

In *Richmond & Danville Railroad Co.* v. *Benson*, 86 *Ga.* 203, it was held that where the declaration prayed for process requiring the defendant to appear at the August term of the court, that being the next regular term, and the process attached by the clerk commanded the defendant to appear at the next term to be held "on the first Monday in July," and the defendant by counsel appeared at the August term and moved to dismiss the case because the process was void, the court, having jurisdiction of the case, could allow the process to be amended. The erroneous statement of the date in the process was held to be such a technical or formal defect as could be cured by amendment. The process referred to in that case was clearly not void, it containing all of the requirements of a valid process. The defendant was chargeable with knowledge of the law which fixed the time for holding the next regular term of the court in August, and therefore he must have known that the date stated in the process was a clerical error. Knowing this, it was his duty to disregard the date named in the process. This was the theory upon which that case was decided, and there is nothing in the facts of the case to make the decision controlling in the present case. In *Scudder* v. *Massengill*, 88 *Ga.* 245, it was ruled that process annexed to a declaration is not void because in stating the case it misdescribes it by inserting a name as plaintiff different

from the name of the plaintiff in the action as shown by the declaration. Such misdescription is amendable at any time either before or after judgment. It appears from the facts of that case that the defendant acknowledged due and legal service and waived copy, copy process, and all other and further service by the sheriff. The defendant testified that he intended to waive everything that was necessary to give the court jurisdiction of the case; and it was further held that the acknowledgment of service could be amended so as to insert the words "original process" for the words "copy process" appearing therein. If the defendant had waived process, he of course could not afterwards make the point that the process was defective. It was therefore entirely unnecessary for the court to make the ruling first above stated, even if such ruling can be said to conflict with the decision made in the present case. But that ruling does not conflict with the decision made in the present case. The process served on the defendant in the present case was, so far as she was concerned, no process at all. It did not contain any demand upon her to do anything. The process in the *Scudder* case did command the defendant to come into court on a specified day, and it was incumbent upon him to obey this command. If, when he came into court in obedience to this requirement, he had not been prepared to defend a suit brought by the person named in the petition as plaintiff, the court would doubtless have extended him time to prepare his defense. In the present case the defendant had a right to treat the process served on her as no process at all; and this being so, the absence of process could not be cured by amendment at the trial term. The suggestion in *Gaines* v. *Bankers Alliance*, 113 *Ga.* 1140, that such a defect in process as the one appearing in the present case could be cured by amendment, was not made in response to any point raised in that case, and hence what was said is not to be regarded as a precedent binding upon us in the present case.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*