NEAL-MILLARD COMPANY *v.* OWENS.

CANDLER, J.    A void process is not amendable, as it is equivalent to no process at all.    *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959.    And it is not within the power of a court of equity, by allowing an amendment to a process which this court has decided could not be made, to vitalize a suit brought on the law side of the court, which as to one of the defendants was void because he had never been served with legal process.

*Judgment affirmed.    All the Justices concur.*

Argued July 24,—Decided August 14, 1903.

Equitable petition.    Before Judge Barrow.    Chatham superior court.    September 24, 1902.

After the decision in *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959, had been rendered, and before the remittitur had been made the judgment of the superior court, the Neal-Millard Company filed a petition to the superior court, setting forth the facts stated in the opinion of the Supreme Court, and alleging that since the filing of

the original petition dealt with in that decision, by which the plaintiff sought to foreclose a materialman's lien against real estate of Mary H. Owens, the time allowed in which to commence an action for that purpose had expired ; that the motion by the defendants to vacate the entry of service was made after the expiration of that time ; and that the mistake of the clerk of the court in naming the defendants in the process was not and in the exercise of due care and diligence could not have been known to the plaintiff until that motion had been made; wherefore it was prayed that the court order the clerk to issue process directed to Hampton J. Herb and Mrs. Mary H. Owens, requiring them to appear at the next term of the court, and that the clerk be directed to attach a copy of said process to a copy of the original petition and to deliver the copies to the sheriff to be served on Mrs. Owens; and that the court grant such other equitable relief as the principles of justice and equity and the nature of the case might require.　Mrs. Owens filed a demurrer.　The court refused the petition, and the plaintiff excepted.

*Twiggs & Oliver*, for plaintiff.
*William P. Hardee*, for defendant.