## WINN *v.* BUTTS, tax-collector.

1. Where a fi. fa. issued by a tax-collector for State and county taxes was levied by a constable upon personal property and a claim was interposed thereto, it was properly returned for trial to the superior court of the county.

2. A tax execution which omitted the direction to any particular officer or officers, but commanded a levy to be made upon the property of the defendant, was irregular but not void, and could be amended by adding a direction as provided by law.

3. Where an execution for State and county taxes, issued against one who failed to pay his taxes for the current year, was levied on personal property, to which a claim was interposed, and where it appeared that such property was owned by the defendant in fi. fa. at the time fixed by law for the return of taxable property for the year, and for some time thereafter, and was then sold by him to another, who in turn sold it to the claimant of the property, who testified that he bought without knowledge of the tax lien, or that the defendant in fi. fa. was indebted

to the State and county for taxes for the year, it was not competent for the claimant to introduce the tax return of the defendant in fi. fa. for such year for the purpose of showing that it did not include the property levied on.

Submitted July 18, 1906.—Decided January 17, 1907.

Levy and claim.　Before Judge Spence.　Decatur superior court. November 24, 1905.

The tax-collector of Decatur county issued a fi. fa. against J. W. Dukes for State and county taxes. It was levied by a constable on certain personal property, and G. W. Winn interposed a claim thereto. The papers were returned to the superior court for trial. Upon the call of the case counsel for the claimant moved to have it stricken from the docket of the superior court, and that it be remanded to the justice's court for the district where the property was located at the time of the levy, and where the claimant resided, on the ground that the levy was made by a constable on personal property and should have been returned to the justice's court. The motion was overruled. After issue had been joined, counsel for the claimant moved to dismiss the levy on the ground that the fi. fa. on which it was based was null and void for the reason that it was not directed "to all and singular the sheriffs and constables of this State," as required by law. The motion was overruled. The execution was offered in evidence, and was objected to on the ground that it was a nullity, because not directed to any officer to execute and return, and that it was not issued from any return or assessment entered on the tax digest of the county. The objection was overruled, and the court allowed the tax-collector to amend the execution by inserting a direction "to the sheriff, his deputies, or any lawful constable of said county." The plaintiff offered in evidence the original return made by Dukes, the defendant in execution, for State and county taxes for the year 1904, showing that the only property returned by him for that year consisted in notes and choses in action, and that the property levied on was not returned by him for taxation for that year. The judge, of his own motion, rejected this return. The execution, before it was amended by adding the direction, was headed, "Georgia, Decatur County," and proceeded: "You are hereby commanded that of the goods and chattels, lands and tenements of J. W. Dukes you cause to be made the sum of $41.50, it being the amount of his taxes for the year

1904, with interest from date at seven per cent. per annum, and the further sum of fifty cents for this fi. fa., and make due return thereof to me according to law." It was signed by the tax-collector. The issues of law and fact having been submitted by agreement to the judge without the intervention of a jury, at the close of the evidence he rendered judgment in favor of the plaintiff, finding the property subject. The plaintiff excepted, and assigned error on each of the rulings above stated.

*E. S. Longley,* for plaintiff in error.   *R. G. Hartsfield,* contra.

LUMPKIN, J.   (After stating the facts.)

1. When property is levied on under an execution for taxes, "it may be claimed by a third person and tried in the same manner as other claims are, except that the claimant shall give a bond and security for the eventual condemnation-money." Pol. Code, § 899. Upon the making of a claim and the giving of bond "the same proceedings shall be had thereon as provided for the trial of the right of property, except that such trials shall be had in the county wherein the levy was made." Pol. Code, § 900. The execution is directed "to all and singular the sheriffs and constables of this State." Pol. Code, § 894. It may be levied by either of the officers to whom it is directed, or other officer who by law may be authorized to act in their place. A constable can not levy an execution for taxes when the principal amount exceeds $100. If it is for less than $100, it may be levied either by the sheriff or a constable; and if the levy be made upon personalty by a constable, "the same shall be advertised and sold as is now provided for justice-court fi. fas." Pol. Code, § 905. In making such a levy the constable is not treated as the officer of a particular justice's court or limited to making a levy within his district, but the tax-collector may place the fi. fa. "in the hands of any one constable of the county, who shall be authorized to collect or levy the same in any part of the county." Pol. Code, § 906. A return of "No personalty" is not a prerequisite to a levy on land by a constable, for State and county taxes. *Watson* v. *Swann,* 83 *Ga.* 198. It will thus appear that in making a levy of an execution for State and county taxes, a constable is not governed in all respects by the law applicable to levies under fi. fas. from a justice's court. As was said by Mr. Chief Justice Bleckley, in *Watson* v. *Swann,* supra, "The truth is that revenue proceedings are wholly separate and apart from proceedings to

enforce judicial process, and are not to be conformed thereto except in so far as express law or necessary implication from express law requires." No express provision is made as to where a constable shall return for trial a claim interposed to a levy on personalty. This must be gathered by implication. The superior court is a court of general jurisdiction, where all classes of cases may be tried, including claims interposed to levies on realty or personalty. A justice's court is a court of limited jurisdiction, both as to subject-matter and territorially. As to subject-matter the constitution provides that justices of the peace shall have jurisdiction in all civil cases arising ex contractu, and in cases of injuries or damages to personal property, when the principal sum does not exceed $100. Civil Code, § 5856. In *Everett* v. *Brown,* 117 *Ga.* 342, it was held that a justice's court has jurisdiction to try the issue made by a claim interposed to a levy upon personalty, under an execution issued from such court; on the ground that a claim case was not an independent original action, but a species of incident or auxiliary to the original action. An execution issued by a tax-collector does not grow out of and can not be treated as an incident or auxiliary of any original action in a justice's court. The tax execution is an independent original proceeding, having no connection with any suit or litigation in such court. A claim for property levied on under it could not, therefore, be properly returned for trial to a justice's court. As any constable may levy a tax execution anywhere in the county, to which justice's court would he return a claim interposed to personalty? The entire legislative scheme on this subject evidently points to a trial of such cases in the superior court. There was no error in overruling the motion to strike the case from the superior court docket and remand it for trial to the justice's court.

2. A tax execution issued by the tax-collector should be directed to all and singular the sheriffs and constables of this State. Where the execution stated that "You are hereby commanded" to make a levy, but was not directed to any officer, this was an irregularity; but it did not render the execution a mere nullity; and the defect could be cured by amendment. In the case under consideration the tax-collector was allowed by the court to make the necessary amendment by adding the direction. In this we think the court did not err. In *Mitchell* v. *Long,* 74 *Ga.* 94, two Justices presided and were divided in opinion as to whether a process without direc-

tion was void; or merely defective.    Mr. Justice Hall was of the opinion that "Where the process attached to a declaration was not directed, it was not entirely void or equivalent to no process, but was amendable." In *Neal Millard Co.* v. *Owens,* 115 *Ga.* 959, 963, no direct ruling was made as to the effect of a want of direction, but the view expressed by Mr. Justice Hall in the case last cited was apparently treated as correct. In *Callaway* v. *Harrold,* 61 *Ga.* 111, an action was brought in Lee county against several defendants, as residents of that county. A second original, with process directed to the sheriff of Lee county, was sent to Bibb county and served upon one of the defendants, who was in fact a resident there. It was held that process directed to the sheriff of Lee county did not authorize the sheriff of Bibb county to serve the defendant referred to, but that the process should be amended, and that the defendant should be regularly served. In *Telford* v. *Coggins,* 76 *Ga.* 683, a summons in a justice's court was directed to the defendant, instead of to any lawful constable of the county. It was held that this was an amendable defect. See also, on this subject, *Byars* v. *Curry,* 75 *Ga.* 515; *Cheney* v. *Beall,* 69 *Ga.* 533; *Bedgood* v. *McLain,* 89 *Ga.* 793 (3) ; *Smith* v. *Bell,* 107 *Ga.* 800.

3. It was undisputed that the defendant in execution owed the tax, that the execution was properly issued, and that he was the owner of the property levied on at the time when the lien for taxes for that year accrued. Pol. Code, § 883. If the owner failed to return the property levied on, this would furnish no defense to him or to one who purchased under him after the lien for taxes had attached.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*