GILES *et al. v.* COOK.

1. The petition was addressed to the superior court of one county, and the prayer for process was to answer at the superior court of another county. The clerk attached process directing appearance at the superior court to which the petition was addressed. In a second original petition the name of one of the defendants was not set out. These irregularities were cured by amendment at the interlocutory hearing for injunction, which was before the appearance term of the case; and no exception was taken to the allowance of the amendment. The rule

nisi for a hearing of the interlocutory injunction directed service of the petition on the defendants, which was effected. *Held*, that it was not erroneous, under these circumstances, to hear and determine the application for interlocutory injunction.

2. A court of equity may set aside a judgment procured by fraud. Where, after a distress warrant has been levied, the landlord and tenant agree on a settlement whereby the property levied on is to be delivered to the landlord and accepted by him in extinguishment of the tenant's indebtedness, and the settlement is carried out according to its terms, and where the tenant, in disregard of the accord and satisfaction and without notice, files a counter-affidavit averring a right to recoup a large sum against the landlord, and the issue formed by the counter-affidavit is heard without notice to the landlord, resulting in a judgment against the landlord, such judgment may be vacated by the landlord as having been obtained by fraud.

3. Under conflicting evidence the judge did not abuse his discretion in granting a pendente-lite injunction to restrain the enforcement of such a judgment by execution.

FEBRUARY 14, 1917.

Injunction. Before Judge Gilbert. Taylor superior court. December 22, 1915.

E. W. Cook filed a petition addressed to the superior court of Taylor county, against George Giles, alleged to be a resident of Taylor county, and J. J. Bull & Son, alleged to be residents of Macon county, praying for cancellation, on account of fraud, of a judgment obtained in the city court of Oglethorpe by George Giles against the plaintiff, Cook, and for injunction against the progress of an execution based on the judgment. The following was alleged: Giles was a tenant of the plaintiff, who foreclosed a distress warrant against him. The warrant was levied, and the plaintiff undertook to assist the sheriff in the gathering of the crop. Pending this arrangement a settlement was made between the plaintiff and the tenant, by the terms of which the tenant agreed to turn over to the plaintiff all the property under levy, in settlement of the tenant's indebtedness, which agreement was executed by the plaintiff taking possession of the property. Several months thereafter the tenant disregarded the settlement and interposed a counter-affidavit in which he averred a right to recoup against the plaintiff a large sum of money. The distress warrant and counter-affidavit were duly returned for trial to the city court of Oglethorpe. The plaintiff was not liable to the tenant on the alleged recoupment, and had no notice that his tenant, after the settlement with him, had filed a counter-affidavit and that the distress

warrant and counter-affidavit had been returned to the city court of Oglethorpe for trial, nor was he aware of the pendency of the suit and the resultant judgment until about two weeks prior to the filing of this petition. Giles has transferred the judgment to his codefendants, who represented him in obtaining it and who had knowledge of the facts under which it was rendered. The petition concluded with a prayer for process against the defendants, directing them to appear at the next term of the superior court of Macon county. The petition was duly verified and presented, to the trial judge, who granted a rule nisi calling on the defendants to show cause why an injunction pendente lite should not be granted. Process was attached to the petition by the clerk, directing all the defendants to appear at the next term of the superior court of Taylor county. At the interlocutory hearing the defendants moved to dismiss the case for irregularities in the process and in the service; and also filed their demurrers and answers. The court, after hearing evidence, granted a temporary injunction, and the defendants excepted.

*J. M. Moore* and *J. J. Bull & Son,* for plaintiffs in error.

*Jule Felton,* contra.

EVANS, P. J. 1. It is apparent that in the prayer for process the petitioner inadvertently substituted Macon for Taylor county. The petition was addressed to the superior court of Taylor county. It was a suit in that county. The judgment excepted to was rendered at an interlocutory hearing anterior to the appearance term. The court allowed an amendment substituting the word "Taylor" for "Macon" in the prayer for process, and also allowed the second original to be amended by striking the words "et al.," and putting in the name of one of the transferees of the execution; and no exception is taken to these orders. The defendants were not before the court at chambers by virtue of the process, but by virtue of the order of the judge which directed a copy of the petition and order to be served on them. The irregularity of the process was really not before the court on the interlocutory hearing. The defendants were actually served with the petition and order, and resisted the grant of an interlocutory injunction on its merits, and the irregularities in the matter of service and process did not deprive the court of jurisdiction to pass on the grant or refusal of a pendente-lite injunction.

2. The jurisdiction of courts of equity to vacate judgments obtained by fraud is too well recognized to require discussion. Civil Code (1910), § 5965. Judgments which may be vacated in equity on the ground of fraud are not confined to judgments rendered by the superior court. It has been held that a judgment of the Supreme Court may be set aside in equity, for fraud, in a proper case. *Wade* v. *Watson,* 133 *Ga.* 608 (66 S. E. 922). When the plaintiff and his tenant made an accord and satisfaction, there was no case in court. The plaintiff had a right to rely upon the tenant's acquiescence in the settlement until he had some contrary notice. It would be a fraud on the part of the tenant to afterwards file a counter-affidavit, converting the landlord's process, which had become extinguished as process because of the settlement, into mesne process so as to form an issue to be tried by the court, without giving him some notice of that fact. If this was true, as alleged by the landlord, he presented a case for equitable interference with the judgment, and its enforcement by an execution based upon it, at the instance of an assignee with notice.

3. There was a sharp conflict of evidence on many of the issues of fact presented by the plaintiff's petition. There was evidence to support the allegations of the plaintiff's complaint, and the trial judge did not abuse his discretion in preserving the status until these issues of fact could be determined by a jury.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*