### 7975. GREENWOOD THEATRICAL AGENCY *v.* ALKAHEST LYCEUM
### SYSTEM.

GEORGE, J. 1. The petition (omitting the formal parts) alleged: that
Greenwood and Spiegelberg, doing business under the name and · style
of the Greenwood Theatrical Agency, were residents of the City of At-
lanta, Fulton county, Georgia; that the defendants were indebted to
the plaintiff in the sum of $175; that on a date named the plaintiff
and the defendants entered into a written contract, a copy of which
was attached to the petition as an exhibit; that in accordance with the
terms of the said contract the plaintiff agreed to furnish to the de-
fendants a certain lyceum attraction known as "The Bohannons," dur-
ing the week beginning April 10 and ending April 15, inclusive; that
in accordance with the terms of the said contract the plaintiff did fur-
nish to the defendants the attraction named; and that upon compliance
by the plaintiff with the terms of the said contract the defendants be-
came indebted to it in the sum sued for. Process in the usual form
was prayed. *Held:* The allegations of the petition, considered in con-
nection with the exhibit thereto, set forth a cause of action for services
rendered, and it was not subject to the objections: that it failed to
allege that the attraction was furnished for the full time specified, and

was actually received and accepted by the defendants for the full period specified; that the right of action, if any existed, was in the Bohannons; and that it did not disclose any authority in the party signing the contract for the plaintiff, the basis of the suit.

2. The process attached to the petition was directed to "Greenwood Theatrical Agency." *Held:* The court properly allowed an amendment to the process so as to make the names of the parties appearing in the process conform to the names of the parties appearing in the petition, who were served and were in fact before the court. Civil Code (1910), § 4644; *Baldwin* v. *McMichael*, 68 *Ga.* 828; *Neal-Millard Co.* v. *Owens*, 115 *Ga.* 959, 962 (42 S. E. 266).

3. The contract declared on recited: "To avoid misunderstanding, . . neither party is bound by any agreement or understanding not appearing on the face of this agreement." *Held:* There being no allegation of fraud in the execution or the procurement of the contract, the court properly admitted the evidence offered by the plaintiff, to which objection was made, and properly declined to admit the evidence offered by the defendant.

4. On the plea of failure of consideration the evidence was in conflict, but the judgment rendered in the municipal court of Atlanta without the intervention of a jury was not without evidence to support it. The judge of the superior court did not err in overruling the certiorari.

         *Judgment affirmed. Wade, C. J., and Luke, J., concur.*

     DECIDED APRIL 5, 1917. REHEARING DENIED MAY 3, 1917.

Certiorari; from Fulton superior court—Judge Bell. October 18, 1916.

*Morris Macks, S. A. Massell,* for plaintiff in error.

*Napier, Wright & Wood,* contra.