BETTON *et al v.* AVERY.

GILBERT, Justice. 1. The process, if defective, was not void. It was therefore amendable, and was cured by verdict. *Mitchell* v. *Long*, 74 *Ga.* 94 (3) ; *Richmond & Danville Railroad Co.* v. *Benson*, 86 *Ga.* 203 (12 S. E. 357, 22 Am. St. R. 446) ; *Winn* v. *Butts*, 127 *Ga.* 385 (2) (56 S. E. 406) ; *Giles* v. *Cook*, 146 *Ga.* 436 (91 S. E. 411) ; *Hogan* v. *Hogan*, 148 *Ga.* 151 (95 S. E. 972).

(*a*) The full record of the original trial is not brought up, and it can not be determined from the portion of the record that was brought up whether the defendant appeared and pleaded. An appearance and pleading shall be a waiver of all irregularities of process or absence of process and of service thereof. Code of 1933, § 81-209.

(*b*) The defendant may altogether waive process. Code of 1933, § 81-211.

(*c*) The court has power "to amend and control its processes and orders, so as to make them comformable to law and justice; and to amend its own records, so as to make them conform to the truth." Code of 1933, § 24-104, par. 6.

(*d*) "No technical or formal objections shall invalidate any process; but if the same shall substantially conform to the requisites of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded: Provided, a legal cause of action as required by this Code is set forth." Code of 1933, § 81-220.

2. The return of the sheriff was not subject to the objections presented, and the court did not err in permitting it to be introduced in evidence. *Love* v. *National Liberty Insurance Co.*, 157 *Ga.* 259 (121 S. E. 648).

3. The court did not err in overruling the motion to exclude the fi. fa. from evidence, or the motion to dismiss the levy.

*Judgment affirmed. All the Justices concur.*

No. 10591. JANUARY 17, 1935.

*W. I. Geer,* for plaintiffs in error.
*J. M. Cowart* and *A. H. Gray,* contra.