## BETTON *et al. v.* AVERY.

No. 11462. NOVEMBER 25, 1936.

*P. Z. Geer,* for plaintiffs in error.

*A. H. Gray* and *J. M. Cowart,* contra.

ATKINSON, Justice. An execution based on a judgment rendered in a suit upon certain promissory notes was levied upon described land as the property of Mrs. Kate Betton. A claim was interposed by S. D. Betton, James H. Betton, J. F. Betton, and Mary P. Betton, children of the defendant. A verdict was returned, finding the property subject. James H. Betton and Mary Betton made a motion for new trial, which was overruled, and they excepted.

The claimants, relying on the right to attack the execution upon any ground that would be available to the defendant in

execution (*Ansley Co.* v. *O'Byrne,* 120 *Ga.* 618, 48 S. E. 228), and to declare the execution and judgment on which it was predicated void (*Wheeler* v. *Martin,* 145 *Ga.* 164, 88 S. E. 951; *Beacham* v. *Nobles,* 153 *Ga.* 718, 113 S. E. 6), offered in evidence the record, in the original suit, for the purpose of showing the process and return of service and attacking them as void. It was admitted by the plaintiff, on the trial of the claim case, that the defendant in execution did not appear and plead by attorney or otherwise in the case in which the judgment was rendered. When the case was formerly before this court it was held: "The return of the sheriff was not subject to the objections presented, and the court did not err in permitting it to be introduced in evidence." *Belton* v. *Avery,* 180 *Ga.* 110 (178 S. E. 297). The objections then urged by the claimants raised the same questions as to validity of the return of service as are now made by them. In the brief of their attorney it is insisted that the process was void. This insistence will not be considered, because no such question was made in the motion for a new trial. The question was raised and ruled adversely to the claimants on the former trial as dealt with in 180 *Ga.* 110 (supra). In view of the foregoing rulings and the admissions in court, the judge did not err, as complained of in ground 10 of the motion for new trial, in rejecting the proffered evidence.

■ Ground 8 of the motion for a new trial complains of ruling out testimony of the defendant in execution: "I don't know the first time I knew that a fi. fa. was issued against me in favor of Mr. Avery. I got a letter from Mr. Cowart, that he was going to enter suit, but I did not know the suit had been entered until they saw the land advertisement and my aunt told me, and I did not know I had been sued at all until my aunt told me; and I did not go to the city court in 1932, and file a plea, and I did not know that the case was in court." The ground of objection to the evidence was "that the claimants can not contradict the entry of service by the sheriff without filing a traverse and making the sheriff a party." The effect of the testimony tended to impeach the officer's return of service, and it was properly excluded. *Albritton* v. *Tygart,* 134 *Ga.* 485 (68 S. E. 79). See *Elder* v. *Cozart,* 59 *Ga.* 199 (3); *Sanford* v. *Bates,* 99 *Ga.* 145 (25 S. E. 35).

■ Ground 9 complains of a refusal to allow the defendant in

execution to answer whether or not she "ever received a copy of that suit at your home." It was stated to the court that the witness would have answered that she "did not." For reasons stated in division 2 above, there was no error in refusing to allow the question answered. If the service was made by leaving a copy of the petition and process at the place of abode of the defendant, it would have been immaterial whether she personally received the papers.

■ Although a person be solvent, "still if, by a voluntary conveyance, he should deprive himself of all property which would be subject to legal process, such conveyance, as to creditors, would be prima facie fraudulent, and it would be incumbent on the grantee to show, not only that the grantor was solvent, but that the conveyance was made in good faith, and not with the intention to hinder, delay, or defraud his creditors." *Cohen* v. *Parish,* 100 *Ga.* 335, 339 (28 S. E. 122); *Cothran* v. *Forsyth,* 68 *Ga.* 560, 567. "Transactions between husband and wife and near relatives, to the prejudice of creditors, are to be closely scanned and their bona fides clearly established." *Gray* v. *Collins,* 139 *Ga.* 776, 780 (78 S. E. 127). The first and second special grounds of the motion for a new trial complain of excerpts from the charge to the jury, stating, as applicable to the case, that every conveyance of real estate or personalty by writing or otherwise, if made with the intention to delay or defraud creditors and such intention known to the party taking, is void as against such creditors. The criticism is that the charge was unauthorized by the pleadings and evidence, and specifically in that there was no evidence to show that claimants had knowledge of intention of the grantor to make the deed for the purpose of preventing collection of plaintiff's debt. Notice to the claimants of such intention on the part of the grantor may be shown by circumstantial evidence as well as direct evidence. *Smith* v. *Wellborn,* 75 *Ga.* 799. In passing upon this question of notice, the jury could take into consideration the relation of parent and children between the grantor and grantees, the fact that the children were living with the parent on the property at the time the suit was filed and served by leaving a copy of the petition and process at the defendant's place of abode before the date of the deed, that the grantor remained in possession after execution of the deed, and withheld it from record until December

after a levy had been made of the execution, that the testimony of the grantor was contradictory as to material facts, indefinite as to consideration of the deed, and tended to show that the property in question was all the property she owned, and that she gave the property to children in order that one of them might pay certain taxes and support the family. The jury could take into consideration the testimony of a sister of the defendant, to the effect that defendant told her that she was going to be sued by the plaintiff, and that she was going to convey the property to her children, and could also take into consideration the circumstance that the claimants did not testify at the trial. In all the circumstances the jury could infer that the claimants had notice of the intention of the grantor in making the deed to defraud her creditors. The charge was authorized by the pleadings and the evidence, and was not erroneous for the reasons assigned.

■ Error is assigned upon the following excerpt from the charge: "The law also says that every voluntary deed or conveyance not for a valuable consideration, made by a debtor insolvent at the time of such conveyance, or if by making such conveyance he renders himself insolvent, such conveyance is void as against the creditor of such debtor." This charge was not erroneous, as contended, on the ground that it was not authorized by the pleadings and the evidence, or that the deed would not be void unless such voluntary deed was made with the intention to delay or defraud creditors and such intention known to the parties taking.

■ The court charged the jury, as complained in grounds 4, 5, 6, and 7 of the motion for a new trial: (a) "I charge you, if you believe from the evidence in this case that the deed from Mrs. Kate Betton to the claimants was made without anything being paid to Mrs. Betton, and that by making such deed she thereby rendered herself insolvent, made herself unable to pay her debts, then such deed would be void as against her creditor, T. G. Avery." (b) "I charge you, gentlemen, that delivery of a deed by the grantor to the grantee, either actual or constructive, is necessary in order to transmit title to the property sought to be conveyed; and if you believe from the evidence in this case that the deed made by Mrs. Kate Betton was never delivered to the claimants, then it would not operate to pass title to the claimants to the property levied upon, and the same would be subject to the

debt of the plaintiff." (c) "I charge you further that if you believe from the evidence in this case that the deed under which the claimants are claiming was not actually executed .. . until after the rendition of the judgment against Mrs. Kate Betton in the city court of Blakely, then the deed would be inferior to the judgment, the fi. fa., and the levy thereon, and you should find in favor of the plaintiff, T. G. Avery." (d) "I charge you, gentlemen, that if you believe from the evidence in this case that Mrs. Kate Betton remained in possession of the premises levied upon after she executed the deed under which the claimants are claiming, that this would be an act which the law denominated as a badge of fraud; and in cases where the transaction is between near relatives, such as mother and children, then the jury should scan the transaction of the making of the deed by one to a near relative with care and caution, and the bona fides of the transaction should be made to clearly appear, it being for you gentlemen to determine from the evidence whether or not badges of fraud have been shown which call for rebuttal or explanation and whether or not they have been rebutted or explained." None of these excerpts from the charge were erroneous, as contended, on the ground that they were unauthorized under the pleadings and evidence.

■ The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*