32488, 32489. GAY *v.* SYLVANIA CENTRAL RAILWAY COMPANY; and *vice versa.*

Decided June 1, 1949

*W. C. Hawkins, Milton A. Carlton,* for plaintiff.

*Price & Spivey, Hilton & Hilton,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) ■ It appears from the record that the original process which was annexed to the petition was not directed to any officer, although it contains the usual direction to the defendant to be and appear in court and make answer to the complaint. The defendant, appearing specially, moved to dismiss the petition on account of the defect in the process. The plaintiff moved to amend the process so as to have it properly directed to the Sheriff of the City Court of Sylvania and his lawful deputies, and the defendant objected, contending that the process was void without this direction. The trial judge allowed the amendment to the process, and overruled the defendant's motion. One of the grounds of demurrer which the trial judge overruled is the same as the motion to dismiss because of the defect in the process. Process for service and appearance, which is annexed to the petition, is not a part of the pleading of the plaintiff, but is a writ issued by the clerk of the court. It is an order of the court and is issued in the name of the judge, and it is the duty of the clerk to perform this function. Code (Ann. Supp.) § 81-201 provides that: "The clerk shall annex to every petition a process (unless the same shall be waived), signed by the clerk or his deputy, and bearing teste in the name of a judge of the court, and directed to the sheriff or his deputy." By virtue of the process and service thereunder, the defendant is brought into court.

If, by virtue of a process, although defective, a defendant has been properly served by one lawfully authorized to effect the service, as was done in this case, although the process was not so directed to the officer, and if that process has properly put the defendant on notice of the proceeding, and when his appearance will be required, such process has properly served its purpose. In *Neal-Millard Co.* v. *Owens*, 115 *Ga.* 959, 963 (42 S. E. 266), it was said: "Where the process contains a command to the defendant to appear in court at a certain time for a specified purpose, and where this process is actually executed by the proper officer, the mere fact that the formal direction to the officer to execute the process is omitted therefrom would be at most a mere clerical omission or irregularity which could be cured by amendment." The Code, § 81-220, provides that no technical or formal objections shall invalidate any process, but that, if the same shall substantially conform to the requisites of the Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded, provided a legal cause of action is set forth. Section 81-1205 is as follows: "The mistake or misprision of a clerk or other ministerial officer shall in no case work to the injury of a party, where by amendment justice may be promoted." Code § 24-104 (6) provides that every court has power "To amend and control its processes and orders, so as to make them conformable to law and justice; and to amend its own records, so as to make them conform to the truth." See, in this connection, Code, § 81-1201; *Richmond & Danville R. Co.* v. *Benson*, 86 *Ga.* 203 (12 S. E. 357, 22 Am. St. R. 446); *Winn* v. *Butts*, 127 *Ga.* 385, 388 (56 S. E. 406); *Giles* v. *Cook*, 146 *Ga.* 436 (1) (91 S. E. 411); *Hogan* v. *Hogan*, 148 *Ga.* 151 (95 S. E. 972); *Betton* v. *Avery*, 180 *Ga.* 110 (178 S. E. 297). It follows that the trial judge did not err in allowing the amendment to the process, and in thereafter overruling the motion to dismiss the petition, and in overruling the defendant's demurrer on the ground that the process was defective.

■ Counsel for the railroad state in their original brief that, "In support of grounds 3, 4, 5, 6, 7, 8, 9, and 10 of the original demurrer and grounds 11, 12, and 13 of the amended demurrer, we submit that each and all of said grounds should have been sustained for the reasons therein set forth," but they do not

argue the special demurrers nor cite any authority in support of the same. The special demurrers are directed to the language contained in certain paragraphs of the petition, as either being vague or indefinite, or a conclusion of the pleader, and it is apparent from the record that the plaintiff amended her petition to meet certain of these grounds. We have examined these special demurrers, and they are without substantial or material merit, and the trial judge did not err in overruling them.

■ Counsel for the railroad insist that the trial judge erred in overruling the general demurrer to the petition, and argue this question at length. In considering whether or not the petition states a cause of action, this court is bound by the allegations of the petition and cannot consider the answer of the defendant or the evidence. According to the petition, it was impossible for the deceased to see the train until he was almost upon the crossing; he was operating the automobile at a moderate and safe rate of speed; no warning whatsoever was given of the approach of the train; the locomotive was being operated at a speed greater than was reasonable and safe; and the engineer and crew failed to keep a proper lookout, although the engineer could have seen the deceased in time to stop the locomotive if it had been moving at a reasonable and safe rate of speed. The defendant contends that, if the engineer could see the deceased's automobile, the driver of the automobile could also have seen the train or should have seen the train, and that such circumstances indicate that the accident was caused by the negligence of the driver of the automobile. Although the driver of the automobile may have been able to see the train, still his attention was not directed to the train in time to avoid a collision, on account of the failure of the operators of the train to give any warning of its approach to the crossing, by ringing the bell, blowing the whistle, or other warning. In the exercise of ordinary care, the employees of the defendant were under a duty to operate the train at a moderate and safe rate of speed. They were also under a duty to keep a proper lookout ahead and to warn the public of the approach of the train to the crossing, and, if it was apparent that a motorist was approaching or about to use the crossing, to check the speed of the train or take whatever precautions were necessary in order to avoid injury to the motorist. This, of course, would

not relieve the motorist of the duty, in the exercise of ordinary care, to observe the crossing and to determine whether or not the approach of a train made it safe to go upon the crossing. The petition does not affirmatively or by inference show that the collision was caused by the negligence of the driver of the automobile, or his failure to exercise ordinary care, but even if it were shown by the petition that the negligence of the deceased contributed to the collision, unless it was shown that it was in a degree equal to or greater than that of the railroad, it would not be a bar to recovery on the part of the plaintiff, and would not excuse the negligence on the part of the operators of the train, if that negligence was shown to have been the proximate cause of his death. The allegations of the petition are sufficient to state a cause of action, and the trial judge did not err in overruling the general demurrer thereto. See *Pollard* v. *Roberson,* 57 *Ga. App.* 621 (195 S. E. 897); *Callaway* v. *Pickard,* 68 *Ga. App.* 637 (23 S. E. 2d, 564); *Mann* v. *Central of Ga. Ry. Co.,* 43 *Ga. App.* 708 (160 S. E. 131).

None of the cases cited and relied upon by the railroad company authorizes or requires a different ruling on the general demurrer to the petition from the one here made. For a collection of cases of this sort, involving crossing collisions, where the petition failed to state a cause of action, see *Evans* v. *Georgia Northern R. Co.,* 78 *Ga. App.* 709 (52 S. E. 2d, 28).

■ "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of servants of the companies in reference to such injury." Code, § 94-1108. It was alleged in the petition that the plaintiff's husband was killed when the locomotive of the defendant's train collided with the deceased's automobile at a grade crossing, and it appears from the evidence that his death was the result of a collision between his car and the defendant's locomotive at said railroad crossing. The presumption afforded by the above statute is a rebuttable presumption and disappears when the railroad company introduces evidence showing the exercise of reasonable care and skill, that is, ordinary care, by its employees in the operation of the train at the time and place in question. See

*Atlantic Coast Line R. Co.* v. *Martin,* 79 *Ga. App.* 194 (53 S. E. 2d, 176), and citations. The defendant railroad here, however, introduced no evidence, but instead moved for a nonsuit, which was granted. It is well settled that in reviewing the evidence on a judgment of nonsuit, this court ordinarily must take that view of the evidence most favorable to the plaintiff. Code § 110-310 provides: "A nonsuit should not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." When it appeared from the evidence that the plaintiff's husband was killed in a collision of his automobile and the defendant's locomotive at a railroad crossing under the facts and circumstances above set out, and where no evidence was introduced by the defendant that its employees were exercising reasonable skill and care in the operation of the train at the time and place in question, a prima facie case, under the above-quoted presumption statute, was made out in favor of the plaintiff, and the court erred in granting a nonsuit. Under the facts and circumstances of this case, it was a question for the jury to determine whose negligence was responsible for the collision in question and the resulting death of the plaintiff's husband. See *Collier* v. *Pollard,* 60 *Ga. App.* 105 (2 S. E. 2d, 821).

*Judgment affirmed on the cross-bill of exceptions, and reversed on the main bill. Felton and Parker, JJ., concur in the affirmance of the cross-bill. On the main bill, Parker, J., concurs, and Felton, J., concurs in the judgment.*